### 16673.   CLIFTON *v.* THE STATE.

BROYLES, C. J.  The conviction of the defendant depended wholly upon circumstantial evidence, and the evidence was not sufficient to exclude every reasonable hypothesis save that of her guilt.  It follows that the court erred in overruling her motion for a new trial.

*Judgment reversed.  Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 10, 1925.

Indictment for possessing liquor; from city court of Floyd county—Judge Bale.  June 29, 1925.

Ida Clifton was convicted on the charge of possessing intoxicating liquor.  From the evidence it appeared that several gallons of corn whisky, a gallon can that had been opened, a funnel, some measuring cups, and a number of pint bottles were found in a vacant house next to and about twenty steps from the house in which the defendant lived with her husband.  An officer broke open the door of the vacant house, on which was a new Yale lock, and found on a table with the opened can of whisky a key which fitted the lock.  A key of the same kind and number, which fitted the door mentioned and the door of the house in which the defendant lived, was found in her house.  There was a freshly used path between the two houses, and she had been seen going in and out of the vacant house.  Her brother had formerly lived in that house, but was then at the State farm, to which he had been sent for possessing liquor, and had turned the house over to her, and arranged with another woman to occupy one room in it at night.  It was testified that at the time the liquor was found in the vacant house liquor bottles and a can from which liquor had been freshly poured out were found in the defendant's house, but no liquor was found there.  In her statement at the trial she said

that she had nothing to do with the liquor and knew nothing about it.

*Porter & Mebane,* for plaintiff in error.

*Alec Harris, solicitor,* contra.