18204, 18205.   GRAY *v.* THE STATE (two cases).

A conviction of having possession of intoxicating liquor was not authorized by the evidence.

DECIDED JULY 14, 1927.

Possessing liquor; from Floyd superior court—Judge Maddox. May 7, 1927.

Whisky was found in the basement and underneath the back porch of a two-story building in which three of the six rooms on the top floor were occupied by the accused—"the Gray boys"—as tenants. These three rooms were the only occupied part of the building. The first floor was formerly used as a storehouse. The only way to get to the top floor was by a stairway leading from the back porch and on the outside of the building. Officers searching for whisky found none on the top floor, but in one of the rooms, in which there was bedding, found a suitcase containing a large number of new corks or bottle stoppers and four or five pint flasks, and found also some fruit jars. An officer testified that he smelled one of the flasks and one of the fruit jars and that they smelled of whisky. Six pints of whisky were found underneath the back porch and near a door which opened into the basement, and twenty-two pints were found in the basement, some hidden in an automobile casing and some in a glass jug partly buried in the ground; it looked as if it "had been freshly done." The basement door was not fastened. The building is in a thickly settled part of the city of Rome and was not inclosed, and the general public had access to it. It was testified that the building was "a public hangout place," and "always had a bad reputation as a hangout place for bootleggers, drinkers, and gamblers." There was evidence that one of the accused had rented their rooms about eight or ten days before the officers made the search, and that they were preparing to "run a pressing club" there. One of the defendants stopped the officers at the door upstairs until he was told that they had a search warrant. The defendants denied knowledge of the presence of whisky in the building.

*Porter & Mebane,* for plaintiffs in error.

*J. F. Kelly, solicitor-general,* contra.

BLOODWORTH, J. These defendants were indicted separately but tried together. The evidence as to both was the same, was en-

Criminal Law, 16 C. J. p. 764, n. 54; p. 1179, n. 67.

tirely circumstantial, and was not sufficient as to either defendant to exclude every reasonable hypothesis save that of his guilt. It follows that the court erred in overruling the motion for a new trial. *Clifton* v. *State,* 34 *Ga. App.* 590 (130 S. E. 359); *Wilson* v. *State, 32 Ga. App.* 427 (123 S. E. 623), and cit.; *Toney* v. *State,* 30 *Ga. App.* 61 (116 S. E. 550); *Vaughn* v. *State, 29 Ga. App.* 388 (115 S. E. 670).

　　*Judgment reversed. Broyles, C. J., and Luke, J., concur.*