case Presiding Justice Lumpkin said: "We are fully satisfied, after a careful reading of the evidence and an examination of the instructions given to the jury, that the result would and ought to have been the same even if the court had in terms stated to the jury that, in order to warrant a conviction, the evidence must not only be consistent with the guilt of the accused, but inconsistent with every other reasonable hypothesis. This being so, we do not think it would be right to reverse the judgment and order a new trial. We are convinced that exact justice has already been done, and that, to all intents and purposes, the accused had a fair and impartial trial." We adopt this language as applicable to the case under consideration.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

17055.   SANDERS *v.* THE STATE.

LUKE, J.   The motion for a new trial being based on general grounds only, and the jury having by their verdict said that the evidence of guilt was sufficient, and the trial judge having approved the verdict, this court will not interfere.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MARCH 2, 1926.

Conviction of manufacture of liquor; from Morgan superior court—Judge Park.   November 13, 1925.

*E. R. Lambert,* for plaintiff in error.

*Joseph B. Duke, solicitor-general,* contra.

Criminal Law, 17 C. J. p. 271, n. 41.

17056, 17057.   YOUNG *v.* THE STATE (two cases.)

BLOODWORTH, J.   In neither of these cases is there any evidence to support the verdict, and the judgment in each case is

*Reversed. Broyles, C. J., and Luke, J., concur.*

DECIDED MARCH 2, 1926.

Accusations of violation of prohibition law; from city court of Springfield.   November 9, 1925.

Intoxicating Liquors, 33 C. J. p. 759, n. 98; p. 761, n. 53.

On the same evidence, Young was convicted of possessing in-toxicating liquor and of transporting such liquor. It was testified that in the defendant's car three gallons of liquor were found in a closed suitcase claimed by John Gaines, who was riding in the car with the defendant and with several others; that the defendant was "about drunk," that his breath smelt of liquor, and that an empty half-pint flask, which had contained liquor, was in the bottom of the car in front, where he was sitting; that Gaines had a half-pint flask of liquor in his pocket, and his sister, who was in the car, had two half-pints in her stockings; that Gaines and his sister pleaded guilty to having liquor in their possession, and that the defendant neither admitted nor denied that any of the liquor belonged to him. Gaines testified that the defendant did not know that they had the liquor, and that the defendant was not drunk. It was testified that Gaines and his sister got off a train and were walking in the road, and the defendant came along in the car and, at their request, picked them up. The defendant, in his statement at the trial, said that none of the liquor belonged to him, that he did not know, until the sheriff came and opened the suitcase, that there was any liquor in it, and that he did not drink any liquor on the trip.

*C. T. Guyton,* for plaintiff in error.

---

16827.   SAWYER *v.* CAMPBELL COAL COMPANY.

LUKE, J. The evidence amply authorized the verdict, and none of the grounds of the amendment to the motion for a new trial show reversible error.

　　*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MARCH 3, 1926.

Complaint; from city court of Macon—Judge Jordan. July 15, 1925.

*W. A. McClellan, Thomas A. Jacobs Jr.,* for plaintiff in error.
*Martin & Martin,* contra.

---

Appeal and Error, 4 C. J. p. 905, n. 41.