### 18368. INGRAM *v.* THE STATE.

Per Curiam. All persons who aid and abet another in the commission of a misdemeanor are guilty as principals. The undisputed evidence in this case demands a finding that the defendant knew that the whisky was in the car which he was driving, and that he aided and abetted Kight in transporting and in possessing it. As the verdict

Criminal Law, 16 C. J. p. 120, n. 93; p. 121, n. 96; 17 C. J. p. 348, n. 85. Intoxicating Liquors, 33 C. J. p. 761, n. 53.

was demanded by the evidence, the alleged errors in the charge are immaterial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

DECIDED NOVEMBER 16, 1927.

Possessing intoxicating liquor; from city court of Jesup—Judge J. R. Thomas. June 18, 1927.

*M. Price, W. D. Turner,* for plaintiff in error.

*Raymond Pierce, solicitor,* contra.

LUKE, J., dissenting. The finding of whisky in a car driven by the defendant, under the circumstances shown by the evidence, did not authorize the verdict finding him guilty of having whisky in his possession. No witness swore that the defendant possessed or controlled the whisky; the undisputed evidence showed that the car belonged to one Kight, who was in the car when the whisky was found; and the preponderance of the evidence showed that Kight possessed and controlled the whisky. While there was direct evidence as to finding the whisky, the evidence as to the defendant's possessing and controlling it was circumstantial, and did not exclude every reasonable hypothesis save that of the guilt of the accused. The court therefore, in my opinion, erred in overruling the motion for a new trial. See *Toney* v. *State,* 30 *Ga. App.* 61 (116 S. E. 550); *Murray* v. *State,* 36 *Ga. App.* 90 (136 S. E. 92); *Young* v. *State,* 35 *Ga. App.* 193 (132 S. E. 453).