24809. CLARK *v.* THE STATE.

DECIDED JUNE 20, 1935.

*C. H. Dalton,* for plaintiff in error.

*John C. Mitchell, solicitor-general,* contra.

GUERRY, J. The defendant was charged with possessing and

transporting liquor. The evidence for the State disclosed that an officer saw Joe Gaddis, May Bennett and the defendant all riding in the front seat of a car which was being driven by Joe Gaddis. The car did not belong to the defendant. The officer followed the car, and when it stopped near a church and he came up beside them the defendant was sitting under the wheel, but was not driving the car. He found fifteen gallons of whisky in jugs in the back of the car, between the front and rear seats, with a blanket thrown over it. Joe Gaddis testified, that he was driving the car and had the woman with him, and that he picked up George Clark, the defendant, who lived in Dalton, in Ooltewah, Tenn., to carry him to Dalton; that George Clark did not know there was any whisky in the car. It was there when Clark got in the car to go to Dalton and was between the seats. He stopped the car near the church where the officer found them, because he, Joe Gaddis, was pretty full, and "I was trying to get him to drive. He did not want to drive." Joe Gaddis entered a plea of guilty. Clark denied knowing anything about the whisky, or its presence in the car, and stated that he was waiting for a train at Ooltewah when Joe Gaddis asked him to ride to Dalton with him.

This evidence, being entirely circumstantial, is insufficient to exclude every reasonable hypothesis except that of the guilt of Clark. The car was not owned by him and had not been driven by him, and the evidence fails to show guilty knowledge. *Summerville* v. *State,* 37 *Ga. App.* 18 (138 S. E. 525); *Fussell* v. *State,* 40 *Ga. App.* 224 (149 S. E. 154); *Young* v. *State,* 35 *Ga. App.* 193 (132 S. E. 453). The trial judge therefore erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*