524

## 22526. BENSON v. THE STATE.

BROYLES, C. J. 1. Where the defendant was tried for manufacturing intoxicating liquors, and the undisputed evidence showed that such liquors had been made on the land of A, who had rented different portions of the land (adjacent to where the distillery was operated) to the defendant and two other persons respectively, *the defendant and the other two persons being the only persons residing on the land, and no other person living nearby;* and where the circumstantial evidence excluded every reasonable hypothesis except that intoxicating liquors had been manufactured at the distillery by the defendant and the other two persons, or by one of them, *and where the other two persons testified that they had not made any intoxicating liquors there and had no connection with the distillery;* and where the circumstantial evidence pointed more strongly to the defendant's guilt than to the guilt of either of the other two persons, the jury were authorized to find that the circumstantial evidence excluded every reasonable hypothesis save that the defendant was guilty of the offense charged. See, in this connection, *Wynn* v. *State.* 38 *Ga. App.* 262, 263 (143 S. E. 599); *Jenkins* v. *State,* 25 *Ga. App.* 506 (103 S. E. 743); *Lunceford* v. *Washington,* 17 *Ga. App.* 730 (2) (88 S. E. 212); *Toney* v. *State,* 30 *Ga. App.* 61 (116 S. E. 550).

2. Under the principle of the foregoing ruling, and the facts of the instant case, the defendant's conviction of manufacturing intoxicating liquors was authorized, and the court did not err in overruling the motion for a new trial based upon the usual general grounds only.

*Judgment affirmed. Luke and Hooper, JJ., concur.*

DECIDED AUGUST 31, 1932.

*W. A. Slaton,* for plaintiff in error.
*M. L. Fells, solicitor-general,* contra.

## 22529. LOYD v. THE STATE.

BROYLES, C. J. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial, based upon the usual general grounds only.

*Judgment affirmed. Luke and Hooper, JJ., concur.*

DECIDED AUGUST 31, 1932.

*W. A. Dampier,* for plaintiff in error.
*J. A. Merritt, solicitor,* contra.