30923. LEE *v.* THE STATE.

DECIDED JUNE 29, 1945.

*R. Terry,* for plaintiff in error.
*J. R. Thompson Jr., solicitor,* contra.

GARDNER, J. The defendant was convicted of possessing non-tax-paid whisky. At about 1 o'clock after midnight Terrell Jenkins was observed by two county policemen on the outskirts of the City of Columbus driving an automobile. Terrell Jenkins and his car were well known to the officers. Upon meeting him they correctly became suspicious of his good intentions. They reversed their course, and after a chase of about four miles on first one street and highway and then another, Jenkins, driving his car at a speed of about 70 miles per hour, the officers finally ditched the Jenkins car by hooking the front bumper of the officers' car into the rear bumper of the Jenkins car. The defendant and his brother were sitting on the front seat with Jenkins. Located in the back of the car on the floor and on the seat were 45 gallons of non-tax-paid whisky. The defendant, his brother, and Jenkins, alighted from the car and made an attack on the officers. The officers finally subdued them by beating them. Afterwards, in the presence of

the defendant and the defendant's brother, Jenkins stated that he (Jenkins) was merely transporting the liquor for the defendant and the defendant's brother. The defendant and his brother made no denial. At the trial the defendant stated substantially that he and his brother, having gone into the country, observed Jenkins travelling toward the city, waved him down, obtained a ride, and that they knew nothing of the whisky being in the car until the officers began to chase them. The defendant's brother testified to the same effect. Jenkins testified for the defendant to the effect that the whisky belonged to him and that the defendant had nothing to do with it and that he made no such statement to the officers as they imputed to him. There is evidence in the record from which it may be inferred that the defendant and his brother and Terrell Jenkins were well known to each other and associated together; that their conduct in connection with illegal traffic in the liquor business was bad. The evidence clearly shows that the jury were authorized to conclude from the evidence that the defendant on the occasion in question was a confederate with his brother and Terrell Jenkins in the illegal possession of the non-tax-paid liquor. They were authorized to infer to a reasonable certainty and beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis from the whole evidence, that a conspiracy existed between the three to violate the liquor law; and that while Jenkins was driving and owned the car, the possession of the liquor in the back of it was a joint and exclusive possession of the three. See *Morris* v. *State, 72 Ga. App.* 466 (34 S..E. 2d, 46). While the case cited involves the recent possession of a stolen automobile, the principle therein announced applies to the possession by the defendant of the 45 gallons of whisky in the Jenkins car.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*