## CARNES vs. THE STATE OF GEORGIA.

A new trial will not be granted in a criminal cause, on the ground that the verdict of the jury is contrary to law, the charge of the court, evidence and without evidence, if the court below has charged the jury fully and correctly on the law, and the evidence has been fully submitted to the jury, and there was some evidence to support the verdict, and the presiding judge has refused to grant a new trial.

Indictment for Riot, from Milton county. Tried before Judge RICE, at November Term, 1858.

Lewis Tucker, Asberry Carnes, Amos Chapman, Toliver Bettis, and James Pettit were indicted for a riot.

The jury found Carnes, Bettis and Tucker guilty; and acquitted Pettit. Carnes moved for a new trial on the following grounds:

1st. Because the verdict of the jury was contrary to law;

Carnes vs. The State of Georgia.

2d. Because the verdict was contrary to evidence and without evidence;

3d. Because the jury found contrary to the charge of the court.

The court overruled the motion for a new trial, and counsel for Carnes excepted.


J. B. BROWN, for plaintiff in error.


SOLICITOR GENERAL, *contra.*


*By the court.*—McDONALD, J., delivering the opinion.


The court below refused the motion for a new trial, and his judgment is excepted to.

All the grounds in the motion for a new trial may be considered together.

Riot is the doing, by two or more persons, either with or without a common cause of quarrel, an unlawful act of violence or any other act in a violent or tumultuous manner.—Cobb, 811.   To constitute a riot, it is not necessary that the act done by the parties should in itself be unlawful.   If it be done in a violent and tumultuous manner, the offence is complete.

The evidence in this case shows that there was a kind of general fight.  A part of the testimony shows great forbearance on the part of the plaintiff in error, and reluctance to enter into it, and would seem to make out a case bordering on justification so far as his particular fight was concerned, while other parts of it show that he was not without blame.   One of the witnesses testified that he stood up to Chapman, and that they stood up to each other.

The presiding judge presented the law very fairly to the jury.  He charged them that if either of the defendants did nothing more than defend himself, he had a right

13

to do that; and if such insolence, by words, was used towards either defendant on trial, as in their opinion would justify an assault, if he chastised the assailant reasonably, he ought to be acquitted.

In criminal cases jurors are judges of the law as well as the fact. They have, upon a full charge upon the law of the case by the court, and upon hearing all the evidence, found the law and the facts against the plaintiff in error; the judge who heard the cause refused to grant a new trial. There is some evidence to sustain the verdict, and we will not, in such a case, disturb the judgment of the court below.                                 Judgment affirmed.