RICHARD WARD, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Although, on an indictment for stabbing, it might be competent to convict of an assault, or of an assault and battery, or of an attempt to stab, instead of wholly acquitting the prisoner, yet where the evidence clearly proves the offense as charged, it is not error against the prisoner for the court to in-

struct the jury that they can return no verdict but one of guilty or not guilty.

2. To constitute stabbing, the knife need not enter further than to penetrate the skin and draw blood—certainly, half an inch, or even the eighth of an inch, would be deep enough.

3. Opprobrious words will not justify stabbing.

Criminal law: Charge of court. Stabbing. Before Judge POTTLE. Oglethorpe Superior Court. October Term, 1875.

Reported in the opinion.

JOHN C. REED, for plaintiff in error.

SAMUEL LUMPKIN, solicitor general, by S. H. HARDE-MAN, for the state.

BLECKLEY, Judge.

1. So far as mere pleading is concerned, an indictment for stabbing would serve as a basis of conviction for assault, or assault and battery: 25 *Georgia Reports*, 396. But is either of these minor offenses practically in issue, where the evidence is clear and uncontradicted that the act of stabbing was complete, and that there was no assault or battery other than as perpetrated by stabbing, and included within the necessary constituents of that offense? In the present case, it is clear beyond all possible doubt, that if there was no stabbing there was no assault and no battery. If the evidence does not prove stabbing it proves nothing. It was therefore not error, as against the prisoner, for the court to charge, as it did, that the jury could return no verdict but one of guilty or not guilty. With such facts as the evidence discloses, the verdict was right; and the charge, if amenable at all to criticism, was less favorable to the state than to the prisoner. It put attempt to stab, assault, and assault and battery, out of the case; and the prisoner took the hazards of a single offense instead of standing exposed to that offense with several others. If the jury had thought there was no unlawful stabbing, they were precluded by the court's charge from finding any verdict but one of ac-

quittal, whatever they may have believed as to an attempt to stab, or as to an assault or assault and battery. In other words, these minor offenses were to count no more against the prisoner than complete innocence. If less culpable than he was charged to be, he was to go free, as if not culpable at all. Unless guilty of the whole, he was to be treated as if guilty of no part.

2. What is stabbing? Must the knife enter to a given depth? The court charged, in substance, that it must penetrate the skin and draw blood, but that it need do no more. We accept this test in the light of the facts of the present case. The cut was in the back with a pocket knife. It bled, and gave much pain. It made the shoulder stiff, and was two or three weeks in getting well. It was estimated by the prosecutor to be about half an inch deep, and by another witness to be about the eighth of an inch in depth. A man with such a puncture in the back, inflicted in anger by an assailant, might be considered pretty effectually stabbed : 2 Bouvier's Law Dic., 541—"Stab;" 1 Bish. Cr. Law, section 193.

3. Opprobrious words are no justification of stabbing. It required a statute to authorize the jury to treat them as justifying a battery. No statute has yet been passed, and probably never will be, to sanction stabbing as a means of resenting offensive language.

Judgment affirmed.