### 1485. BIVINS *v.* THE STATE.

Where proof of a defendant's guilt is dependent wholly upon circumstantial evidence, it is error not to instruct the jury that they must be satisfied, by the evidence, of the guilt of the defendant, to the exclusion of every other reasonable supposition. *Riley* v. *State*, 1 *Ga. App.* 651 (57 S. E. 1031); *Glaze* v. *State*, 2 *Ga. App.* 704 (58 S. E. 1126). However, where, in a prosecution for carrying a pistol concealed, all the testimony adduced is direct and positive, any instruction upon the subject of circumstantial evidence would be error.

Accusation, from city court of Americus—Judge Crisp.    October 12, 1908.

Submitted December 8, 1908.—Decided January 27, 1909.

*Howell B. Simmons,* for plaintiff in error.

*Zach. Childers, solicitor,* contra.

RUSSELL, J.    The defendant was convicted of carrying a pistol concealed. The witness for the State testified that on September 1, while the defendant was with him in his cotton-house, and was stooping over, he saw a pistol in the inside pocket of the defendant's coat. The witness further testified, that he could not see the pistol before the defendant stooped over, and did not see it afterwards. The defendant, in his statement, denied having any pistol. He excepts to the overruling of his motion for a new trial. The special exception urged by him is that the trial judge "erred in failing to charge the jury the law on circumstantial evidence."

Waiving the insufficiency of the exception, in that the specific point with reference to the law of circumstantial evidence, as to which the judge failed to instruct the jury, is not presented, we find no error in this respect. If by the exception it is attempted to raise the point that the jury should have been instructed that where circumstantial evidence is relied upon the jury must be satisfied of the guilt of the defendant to the exclusion of any other reasonable hypothesis than that of his guilt, the point is without merit, because the guilt of the defendant was proved, not by circumstantial evidence, but by direct proof. The witness testified that he saw the pistol when the defendant was in one position, and that immediately before and immediately afterwards he did not see it. The evidence that he saw the pistol was direct, and simply established by direct proof one fact,—that he had had a pistol. The witness swore equally positively that when the defendant was standing straight he could not see the pistol, and that he did not see it either before or after the time when the defendant stooped. This was direct testimony that the pistol (which by direct testimony it had been shown that the defendant had at the very time) was concealed. There are many cases in which the line of demarcation between direct and circumstantial evidence is so dimly apparent that a failure to charge upon the law of circumstantial evidence, though error, might be harmless. There are other cases in which the instruction that circumstantial evidence of guilt is insufficient unless every reasonable supposition save that of the defendant's guilt is excluded may be conveyed by concrete statement of reasonable hypotheses favorable to innocence which have been presented by the defendant, followed by instruction that if the jury believe that the evidence points to any one or more of the hypotheses favorable to innocence, they should acquit the defendant. If exhaustive of all other reasonable hypotheses which may be suggested than that of guilt, this method of exclusion by concrete statement may be practically more favorable to the defendant than a full and perfect charge stated in the abstract and in the phraseology of the law. In the present case all of the evidence was direct and positive, and any instructions upon the subject of circumstantial evidence would have been erroneous and calculated to mislead the jury. Cases are often presented where one is seen with a pistol which is not concealed, as, for instance, having it in one's

hand; and, having had an opportunity of concealing it, and a like opportunity of putting it away or depositing it in some place other than about his person, proof upon the issue of concealment or no. concealment must be or can be made by circumstances. In such a case the jury should always be cautioned not to convict the defendant unless the conclusion of his guilt is so strong as to exclude every other reasonable supposition. The present, however, was not that kind of a case. The defendant was in full view of the prosecuting witness and he could see no pistol. The defendant stooped and in his pocket the witness saw a pistol. The guilt of the defendant did not depend upon proof of other facts testified to, from which the jury might infer that the defendant had a pistol, or infer that it was concealed. The witness swore that the pistol was concealed, and swore that he saw it concealed. The evidence was as direct as if he had walked up to the defendant, opened his coat, and taken out of the defendant's pocket a pistol which the coat had concealed.

*Judgment affirmed.*