### 2133. WILLIAMS *v.* THE STATE.

1. Failure to object to evidence at the time it is offered will be treated, after verdict, as a waiver of its inadmissibility. *Davis* v. *State,* 4 *Ga. App.* 318 (61 S. E. 404).
2. The evidence authorized the verdict, and there was no error in overruling the motion for a new trial.

Accusation of carrying concealed weapon; from city court of Blakely—Judge Jordan. August 30, 1909.

Submitted October 6,—Decided November 9, 1909.

*C. D. Russell, G. D. Oliver,* for plaintiff in error.

*Walter Park, solicitor,* contra.

RUSSELL, J. The evidence in behalf of the State authorized the conclusion reached by the jury, that the defendant was guilty of carrying a pistol concealed; and, as the motion for new trial rests upon the single ground that the verdict was contrary to the evidence, there was no error in refusing a new trial, although the defendant, by his statement, contradicted the witness in behalf of the State. The real question presented in the brief and the argu-

3

ment is, that the evidence of the defendant's guilt, having been obtained after his person had been illegally arrested, is inadmissible and illegal, and insufficient to authorize the verdict of guilty. It is not altogether clear from the record that the evidence was obtained by the unlawful seizure of the defendant's person. In fact there was no unlawful search of the defendant's person. It was testified that the pistol was exposed to view by reason of the defendant's leaning over so as to disclose it in the bosom of his overalls. In this respect the case is somewhat similar, as to its facts, to that of *Bivins* v. *State, 5 Ga. App.* 434 (63 S. E. 523). For myself, as I stated in *Davis* v. *State,* supra, I am of the opinion that whether objection be made or not to the testimony which is confessedly illegally obtained, and therefore forbidden to have probative value, a verdict which depends entirely upon such evidence is unauthorized, and can be attacked by the general assignment that it is contrary to law or that it is without evidence to support it. As ruled by the Supreme Court in *Eastlick* v. *Southern R. Co.,* 116 *Ga.* 50 (42 S. E. 500), "testimony which is incompetent and inadmissible because the law stamps it as wholly unworthy of consideration or credit can not, merely because it may not have been challenged on the trial of a case, be treated by a reviewing court as having any probative force or value whatever." In the opinion of the majority of this court, the failure to object at the proper time to the admission of illegal testimony is a waiver of its inadmissibility, and the party thus consenting to the admission of such testimony will not be heard, after verdict, to raise the objection for the first time. From this ruling it is apparent that as the plaintiff in error in the present case made no objection to the testimony, which, even if it had been illegally obtained, would have authorized his conviction, the assignment that the verdict is contrary to the evidence, and the other assignment that it is contrary to law, are neither of them sufficient to present for the consideration of this court the specific point urged in the brief. Objection must be made at the time that illegal evidence is being offered, or a motion made to rule out such testimony as is legally inadmissible, and error be assigned upon the ruling of the court upon such motion.

2. The verdict is supported by the evidence, not only because the evidence now claimed to be illegal and insufficient was not objected to, but also because, as stated above, it does not appear that it

would have been objectionable for reason stated (that there was a search of the defendant's person). It is merely a case in which there is a strong conflict between the witness on the part of the State and the statement of the defendant (which was his sole reliance for an acquittal), and in which the jury found adversely to the claim of the defendant.　　　*Judgment affirmed.*