### 2498. BAILEY *v.* THE STATE.

The evidence authorized the conviction of the defendant, and the assignments of error were not supported by the answer of the trial judge; consequently there was no error in overruling the certiorari.

DECIDED JULY 5, 1910.

Certiorari; from Fulton superior court—Judge Ellis. January 22, 1910.

*C. B. Rosser Jr.,* for plaintiff in error.

*C. D. Hill,* solicitor-general, *Lowry Arnold,* solicitor, *D. K. Johnston,* contra.

RUSSELL, J. Bailey was convicted in the criminal court of Atlanta of carrying a pistol concealed. He sued out a certiorari in the superior court of Fulton county, which was overruled. There are six assignments of error in the petition for certiorari. The first is that the verdict of the jury is contrary to law, contrary to the evidence, decidedly and strongly against the greater weight of the

evidence, and without evidence to support it. Except as involving the consideration of the evidence, the assignment that the verdict is contrary to law is not sufficiently specific to present for consideration any error of law which may have been prejudicial to the plaintiff in error. After considering the evidence in the case, it is plain that the testimony amply supports the conviction of the defendant; for several witnesses testified that they saw the defendant approaching his store with a pistol, and that he concealed the pistol in his pocket until he was almost immediately in their presence, when he took it from his pocket and handed it to a negro woman. We can not concur in the argument of the learned counsel for the plaintiff in error that this testimony is intrinsically so improbable and unreasonable as that the jury should have classed it with such statements as that "a cow jumped over the capitol," or a "jack-rabbit whipped an English bulldog." The acts of the defendant, in connection with the pistol, as stated by the witnesses, were possible; the probability or actual fact of the occurrence was for determination by the jury.

In the second assignment of error it is alleged that the court intimated an opinion that the defendant had a pistol at the time in question; and it was argued that the ruling in *Jenkins* v. *State, 2 Ga. App.* 646 (58 S. E. 1063), is directly in point and requires a reversal. So far from the trial judge intimating the opinion that the defendant had a pistol, and that the only question was whether or not he had it concealed, the charge in the record appears to be to the contrary. The court told the jury explicitly that "the defendant sets up the plea, not that he had the pistol openly and exposed to view, but that he did not have it at all."

The third exception is that the evidence required a charge on the law of circumstantial evidence. The evidence introduced by the State was all direct. The witnesses swore that the defendant had a pistol, and that for a portion of the time it was so concealed that they could not see it. The testimony of the defendant was to the effect that he had no pistol. In such a case, as we held in *Bivins* v. *State, 5 Ga. App.* 434 (63 S. E. 523), the judge should not have charged upon the subject of circumstantial evidence. The fourth and fifth exceptions to the charge of the court are eliminated by the answer of the trial judge. The sixth is not sufficiently specific to point out any error.  *Judgment affirmed.*