### 3669.  WILSON v. THE STATE.

HILL, C. J.  1. The indictment in this case was not duplicitous.  It set forth the offense as defined by section 513 of the Penal Code (1910), and did not include the offense as defined by section 522. The allegations were sufficient in form and substance, and the demurrer was properly overruled.

2. An indictment under section 513 of the Penal Code (1910) need not allege the ownership of the "railroad train, locomotive, car, coach, or vehicle" which was being used and run on the railroad-track when it was wrecked or attempted to be wrecked, nor is it necessary to allege and prove the ownership of the railroad-track.  It was sufficient to allege and prove that the railroad train, locomotive, car, or coach was "passenger train No. 2 of the Georgia Railroad, which was then and there being used and was on the railroad-track of the Georgia Railroad for: the purpose of travel and transportation."  Testimony that the Georgia Railroad was a corporation was wholly immaterial, and there was no error in excluding it.  *Walker* v. *State*, 97 *Ga.* 213 (22 S. E. 528) ; *Turner* v. *State*, ante, 18 (71 S. E. 604).

3. The evidence was direct as to the commission of the offense and the identity of the accused as the offender, and the court was not required to charge on the probative value of circumstantial evidence because, in addition to the direct .evidence, there were also circumstances indicating guilt.  *Bivins* v. *State*, 5 *Ga. App.* 434 (63 S. E. 523), and cases there cited.

4. The evidence supports the verdict, and no error of law appears.

*Judgment affirmed.*

DECIDED NOVEMBER 7, 1911.

Conviction of attempting to wreck train; from Warren superior court—Judge Walker.  July 20, 1911.

The indictment charged Wilson with "the offense of felony— attempting to wreck train, for that the said  .  .  Wilson, in the county aforesaid, on the 19th day of January,  .  .  1911, with force and arms, did unlawfully attempt to wreck a railroad train, locomotive, car, coach, and passenger train No. 2 of the Georgia Railroad, which was then and there being used and run on the railroad track of the Georgia Railroad for the purpose of travel and transportation, and which was then and there in motion and moving in the direction of Augusta, Ga., from Atlanta, Ga., and same was done then and there by placing a long piece of iron and a cross-tie, a piece of wood, on and across said railroad track, a point on said railroad track between Camak, Ga., and Mesena, Ga., contrary to the laws of said State," etc.  The defendant demurred to the indictment generally, and on the ground that it charged two separate and independent offenses in the same count.  Exception is

taken to the overruling of the demurrer, and also to the refusal of a new trial. The motion for a new trial was based on the grounds that the verdict was unsupported by evidence, that the court erred in not charging the jury in reference to circumstantial evidence, and that the court erred in refusing to allow the engineer of the train in question to testify, in response to a question. propounded· by counsel for the defendant, that the railroad on which the obstruction was placed, and on which he was running the engine at the time alleged in the indictment, was the property of the ·Georgia Railroad and Banking Company, and was operated by the Louisville and Nashville Railroad Company and the Atlantic ·Coast Line Railroad Company as lessees; the court rejecting this testimony on the ground that it was immaterial and irrelevant.

*M. L. Felts,* for plaintiff in error.

*Thomas J. Brown, solicitor-general, E. P. Davis,* contra.