20248. EDENFIELD *v.* THE STATE.

BLOODWORTH, J. 1. "There being no assignment [of error] in the final bill of exceptions either upon the exceptions pendente lite or upon the rulings excepted to therein, no question is presented for decision under the exceptions pendente lite. Ga. L. 1921, p. 232 (Michie's Code (1926), § 6139 (1)); *Alexander* v. *Chipstead,* 152 *Ga.* 851 (111 S. E. 552); *House* v. *American Discount Co.,* 31 *Ga. App.* 396 (120 S. E. 701); *Atlanta Life Ins. Co.* v. *Jackson,* 34 *Ga. App.* 555 (130 S. E. 378); *Carter* v. *Vanlandingham,* 37 *Ga. App.* 642 (141 S. E. 429)." *Hicks* v. *Brown Estate,* 38 *Ga. App.* 659 (2) (145 S. E. 99).

2. The judge charged the jury as follows: "It is the contention of the State, as before stated, that the defendant on trial, T. L. Edenfield, is only guilty of the offense of accessory to the crime of robbery by intimidation, *the defendant, of course,* contending that he is not guilty of the crime charged." (Italics in ground of the motion for new trial.) Plaintiff in error contends that the use of the words, "the defendant, of course, contending that he is not guilty," was harmful and prejudicial to the cause of the defendant, as this statement on the part of the judge impressed the jury that "they ought to be cautious in giving credit to his said defense, and said defense was· chilled and blighted by implied judicial disapproval and ridicule." There is no merit in this contention. It goes as a matter *of course* that had the defendant not pleaded "not guilty," there would have been no case to submit to the jury.

3. The charge of the court to which exception is taken in the 2d ground of the motion refers to the first count of the indictment, and as the verdict was "guilty on the 2d count," any error in the charge relating to the first count does not require the grant of a new trial. See *Quinn* v. *State,* 22 *Ga. App.* 635 (5) (97 S. E. 84).

4. "Where in a criminal trial the judge has fully and fairly charged the law of reasonable doubt, he is not bound to repeat the instructions upon that subject when charging with reference to some particular or specially enumerated fact or facts. *Davis* v. *State,* 125 *Ga.* 299 (54 S. E. 126)." *Fargerson* v. *State,* 128 *Ga.* 27 (2) (57 S. E. 101); *Nance* v. *State,* 126 *Ga.* 95 (2) (54 S. E. 932); *Bass* v. *State,* 1 *Ga. App.* 728 (4) (57 S. E. 1054). The rulings in the foregoing cases dispose of special ground 3 of the motion adversely to the contention of plaintiff in error.

5. There is some evidence to support the verdict, and "whenever there is any evidence, however slight, to support a verdict which has been ap-

300

proved by the trial judge, this court is absolutely without authority to control the judgment of the trial court."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED MARCH 5, 1930.

*J. P. Knight,* for plaintiffs in error.
*H. C. Morgan, solicitor-general,* contra.