## 25026, 25027. KEY v. THE STATE.

DECIDED AUGUST 27, 1935.

*G. H. Cornwell, Branch & Howard,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

BROYLES, C. J. The defendant, by consent of counsel, was tried at the same time on two indictments; one charging robbery, and the other carrying a pistol without a license. He was convicted of both offenses, and in each case his motion for a new trial was overruled. Counsel for plaintiff in error in their brief concede that the verdicts were authorized by the evidence, but insist that the following excerpt from the charge of the court was reversible error: "With respect to that indictment [for carrying a pistol], if you believe in truth and in fact that the defendant in the County of Fulton, on or about the time named in the indictment, did have and carry about his person, and did have in his manual possession, a pistol, and that he did so both outside of his own home and place of business, and without having first obtained a license from the ordinary of the county in which he resided, you would find him guilty. With respect to the other indictment, if you believe that the defendant, in the County of Fulton, on or about the time named in the indictment, which is the second day of March, 1935, did wrongfully, fraudulently and violently, by force and intimidation, take from the person of A. B. Gouch, without his consent and with intent to steal the same, nine dollars in money and four hundred Georgia Power street-car tickets, of the value alleged, and the property of the Georgia Power Company, and one nickel-plated money-changer, and seventeen cents in money, of the value alleged, and the property of A. B. Gouch—if you find that to be the truth of the case—if he took any one or more or all of the

articles in the manner alleged, and of value, you would be authorized to find him guilty under this indictment of robbery by intimidation." In our opinion none of the exceptions to the charge is well taken. "A correct charge presenting the law as to reasonable doubt concerning the whole case is all that one accused of a criminal offense is entitled to. It is not incumbent upon the court to carve the case or the evidence into different propositions and apply the rule as to reasonable doubt to one or more of them severally." *Smith* v. *State,* 124 *Ga.* 213 (2) (52 S. E. 329); *Nance* v. *State,* 126 *Ga.* 95 (2) (54 S. E. 932); *Edenfield* v. *State,* 41 *Ga. App.* 299 (4) (152 S. E. 597), and cit. The excerpt from the charge in the instant cases, when considered in the light of the entire charge and the evidence adduced, discloses no reversible error. The judge fairly and fully charged the contentions of the parties and the law of reasonable doubt, and we do not think it probable that the jury were confused or misled to the prejudice of the accused by the language of the court in the excerpt complained of. In each case the verdict was authorized by the evidence, and the court did not err in refusing to grant a new trial.

*Judgments affirmed. MacIntyre and Guerry, JJ., concur.*