## 31346.  DOWIS *v.* THE STATE.

DECIDED SEPTEMBER 10, 1946.

*George G. Finch,* for plaintiff in error.

*E. E. Andrews, Solicitor-General,· Paul Webb, Durwood T. Pye,* contra.

GARDNER, J. ■ The State proceeded under the principle of law that the defendant, Paul E. Dowis, and James H. Walden acted with a common intent and purpose to steal the effects of Talmadge Hopper. The defendant, through his able and distinguished counsel, bases his contention for a reversal on the principle of law that the evidence for the State is wholly insufficient as a matter of law to show that the defendant conspired with Walden to steal the effects of Talmadge Hopper; but contends to the effect that the evidence shows as a matter of law that Walden alone was the thief, and that the defendant was the good Samaritan.

As to the general grounds, it is our view that the evidence authorized the jury to find that the defendant Dowis and Walden acted with a common intent, purpose, and design and conspired and did, within the scope of this conspiracy, steal from Talmadge Hopper, his effects. In such a situation, the act of Walden was the act of the coconspirator, the defendant Dowis, and vice versa. There are many decisions to the effect that a conspiracy may be established by circumstantial evidence as well as by an express agreement. Without encumbering the record with any great number of decisions to the effect that a conspiracy may be established by circumstantial evidence, we call attention to the following only: *Dixon*

v. *State,* 116 *Ga.* 186 (9) (42 S. E. 357); *Carter* v. *State,* 141 *Ga.* 308 (80 S. E. 995). The defendant cites no authority in support of his contention. The assignments of error on the general grounds do not authorize a reversal.

■ Special ground 1 assigns error on the following excerpt from the charge of the court: "If, considering all the evidence in the case and the defendant's statement, your minds are unsettled, uncertain, unsatisfied, that would be the reasonable doubt of the law, and it would be your duty to acquit the defendant; but if your minds are free from that reasonable doubt, it would be your duty to convict." The court fairly and clearly instructed the jury as to the law of reasonable doubt and the presumption of innocence and gave them the form of verdict which they should render in the event that they entertained a reasonable doubt as to the defendant's guilt. We find no error in this ground. See *Bradford* v. *State,* 69 *Ga. App.* 856 (26 S. E. 2d, 848). The defendant cites no authority in support of his contention.

■ Special ground 2 assigns error on the following excerpt from the charge: "The State contends that there was a conspiracy to rob this alleged victim. That is denied by the defendant, and the burden is on the State to prove it beyond a reasonable doubt. When and if a conspiracy is shown to exist, the act of each of the conspirators becomes the act of all, and the act of all becomes the act of each of those who participate in the conspiracy during the course of its execution and pursuant to the execution of the original criminal design. A conspiracy is a plan, scheme, or course of conduct between two or more persons to commit an unlawful act. Conspiracy may be proven by facts and circumstances as well as by direct evidence." The errors assigned on this excerpt are: (a) That the charge excluded from the consideration of the jury the principle of law as it pertains to a conspiracy; that the act of one does not bind another unless and until the criminal intent to do what was done is established to the satisfaction of the jury to have existed between the alleged conspirators. (b) Because of the charge, the jury were precluded from acquitting the defendant, in that the jury were not instructed that the burden was on the State to show that the defendant knew of the criminal intention of the coconspirator Walden to steal the effects of Talmadge Hopper. (c) Because the court did not instruct the jury

that, if no conspiracy existed between the defendant Dowis and the coconspirator Walden to commit a larceny, the defendant Dowis could not be held for anything except what he did personally. (d) In that the court failed to instruct the jury that, even though the defendant Dowis did assist Walden, yet if the defendant did not know of the criminal intent of Walden, but was under a bona fide belief that Walden was the brother of Hopper, the victim, and the defendant entertained no criminal intent to assist in the commission of a larceny, the jury would be authorized to acquit him.

It will be discerned from an analysis of the charge as set forth in this ground and the errors assigned thereon that the defendant makes no assignment of error on the ground that the charge does not set forth a correct principle of law applicable to conspirators to commit a crime. But the gravamen is to the effect that the court did not go further and instruct the jury as to the converse of the principles charged. The charge was correct as an abstract principle of law relating to a conspiracy to commit a crime, and the effect of the act of one conspirator is the act of the other during the pendency of the conspiracy and within the scope of it. In this connection, see *Compton* v. *State*, 179 *Ga.* 560 (176 S. E. 764); *McCormick* v. *State*, 176 *Ga.* 21 (2) (166 S. E. 762). There are many other decisions to the same effect. Having thus seen that the charge excepted to was correct in principle and authorized by the evidence, it was not reversible error for the court, in the absence of a written request, to go further and charge the converse of such principles. See, in this connection, *Bates* v. *State*, 18 *Ga. App.* 718 (9) (90 S. E. 481); *Sherrer* v. *Holliday*, 165 *Ga.* 413 (2) (141 S. E. 67). The defendant cites no authority in support of his contention. There is no merit in this ground.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*