35281. ANTHONY *v.* THE STATE.
35282. WASHINGTON *v.* THE STATE.
35283. WASHINGTON *et al. v.* THE STATE.

DECIDED JULY 16, 1954.

· *E. L. Smith*, for plaintiffs in error.
*Maston O'Neal, Solicitor-General*, contra.

TOWNSEND, J. ■ Special ground 4 of the amended motion for new trial in case No. 35283 of assault with intent to murder against Joseph Washington contends that the court erred in charging on the subject of conspiracy because (a) the indictment did not charge movants with conspiracy, and (b) the evidence did not authorize such a charge. There is no contention that the charge as given was an incorrect principle of law.

The common-law offense of conspiracy does not exist in Georgia; it is the criminal act which is prohibited, the conspiracy being an incident and means of accomplishment of such act. *Bishop* v. *State*, 118 *Ga.* 799 (4) (45 S. E. 614); *Nobles* v. *State*, 98 *Ga.* 73 (26 S. E. 64, 38 L. R. A. 577). "The gravamen of the action . . . is the injury done, and not the conspiracy to do it." *Hill* v. *Reynolds*, 19 *Ga. App.* 334 (2) (91 S. E. 434). Accordingly, it is not necessary to allege in the indictment that a conspiracy existed before proof may be admitted so as to make the act of one of the co-conspirators the act of all. The existence of a conspiracy may be established by proof of acts and conduct · as well as by proof of an express agreement. *Stevens* v. *State*, 8 *Ga. App.* 217, 218 (68 S. E. 874); *Bolton* v. *State*, 21 *Ga. App.* 184 (94 S. E. 95); *Sheppard* v. *State*, 28 *Ga. App.* 735 (113 S. E. 54). As stated in *Patterson* v. *State*, 199 *Ga.* 773 (7) (35 S. E. 2d 504): "It is not necessary, in order to show joint concert of

action, that a preliminary antecedent agreement should have been formulated. A joint concert of action, amounting to 'a conspiracy, may be shown by circumstantial as well as by direct evidence. See Georgia Digest, Vol. 5, p. 688 (Conspiracy § 47), citing numerous cases. Whether conspiracy is in fact established is a question for the jury." See also *Hudgins* v. *State,* 61 *Ga.* 182. The evidence here authorized the jury to find that there was a prearrangement among these defendants and the others in the group to seek out Clarence Simmons and recover a pistol allegedy stolen from Washington, and that all of the men came armed for this purpose; that when ordered off the premises they became angry and one of them threatened the woman, Boots Harpe; that when her son attempted to defend her all of them immediately drew their guns, surrounded the house, and acted in concert to quell the only person therein putting up any resistance. Such joint concert of action, under the *Patterson* case and others therein cited, is sufficient to authorize a charge on this subject. This ground is without merit.

■ The defendants, in addition to making unsworn statements in their own behalf, were sworn, gave testimony, and were cross-examined, on behalf of each other. Error is assigned in the 5th special ground in that the court, while charging correctly on the weight to be given the defendants' statements, failed to charge specifically on the weight and credit to be given their sworn testimony. The court charged generally upon the weight and credit to be given the testimony of witnesses. The defendants, when sworn on behalf of other defendants in other cases, were under the general classification of witnesses. Had any of them desired the court to point up the distinction between his unsworn statement and his sworn testimony (or the sworn defendant in his behalf) this should have been made the subject matter of timely written request. In the absence of such request, the instructions given were sufficient.

■ Special ground 6 of the amended motion for new trial assigns error, as to the movant John Nelson Anthony, on a charge of the court to the effect that one has a right to prevent a felonious assault upon one's brother and that shooting under such circumstances would be justifiable. This charge was given by the court for the benefit of the defendant Joseph Washington,

whose brother, Sam Washington, was wounded in the affray, and is alleged to have been prejudicial to Anthony, who did not happen to be provided with a brother at the time, on the ground that it left the jury "without any guide as to the duty of the jury to said defendant Anthony, not a brother." The charge as given was not error for any reason assigned, since Anthony could not possibly be helped or hurt by the jury's action in sustaining or rejecting a special defense urged by his co-defendant. He was undoubtedly aware that Joseph and Sam Washington were brothers, and he could not deprive a co-defendant of a possible defense peculiar to the latter. Had he felt any prejudice would result therefrom, he could have elected to sever and be tried separately. This ground is without merit.

Counsel for the plaintiffs in error concedes that there was ample evidence to support the conviction of both defendants under count 2 of the indictments charging them with carrying a pistol without a license, but contends that there was no evidence which would authorize conviction of carrying concealed pistols. In regard to this, several witnesses testified that when the defendants and their friends arrived they saw no evidence of pistols. One witness saw them "pull them out of their bosoms and put them in their pockets when my mother was telling them to leave." This testimony was sufficient to sustain the conviction. See *Williams* v. *State*, 7 *Ga. App.* 33 (2) (65 S. E. 1097).

The trial court did not err in denying the motions for new trial as amended.

*Judgment affirmed.   Gardner, P. J., and Carlisle, J., concur.*