### 35669. TURNER *v.* THE STATE.

CARLISLE, J. The defendant was tried under an indictment for assault with intent to murder and found guilty of stabbing. His motion for a new trial, based solely on the general grounds, was denied, and he has brought the present writ of error to have that judgment reviewed.

1. After a verdict of guilty, in passing on a motion for new trial, that view of the evidence most favorable to the State must be taken, for every presumption and every inference is in favor of the verdict (*Morgan* v. *State,* 77 *Ga. App.* 516, 48 S. E. 2d 681; *Walker* v. *State,* 80 *Ga. App.* 418, 56 S. E. 2d 132; *Leach* v. *State,* 82 *Ga. App.* 520, 61 S. E. 2d 572); and, whenever there is any evidence, however slight, to support the verdict, which has been approved by the trial court, this court is absolutely without authority to control the judgment of the trial court on the general grounds of a motion for new trial. *Edenfield* v. *State,* 41 *Ga. App.* 299 (152 S. E. 597).

2. The jury was authorized to find that the defendant stabbed the prosecutor with a knife when the prosecutor, seeing the defendant striking at the prosecutor's brother with a knife during an argument between the brother and the defendant, came to his brother's rescue; and to find that, at the time the defendant stabbed the prosecutor, neither the prosecutor nor his brother had struck the defendant a blow or threatened to do so. Even if the prosecutor's brother had used opprobrious words to the defendant or even struck the defendant with his fist, he would not have been justified in assaulting the brother with the knife in the absence of a showing that there was a great disparity in physical strength between the defendant and the brother. See, in this connection, *Morgan* v. *State,* 119 *Ga.* 566 (46 S. E. 836); *McEvoy* v. *State,* 123 *Ga.* 506 (51 S. E. 500); *Ward* v. *State,* 56 *Ga.* 408. The jury was authorized to find that the prosecutor was not on the scene at the time the assault began upon his brother, and that the defendant began the attack with the knife before the prosecutor came to his brother's rescue. The verdict, consequently, is supported by some evidence, and the trial court did not err in denying the motion for a new trial, based solely on the general grounds.

> *Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*
> DECIDED MAY 18, 1955—REHEARING DENIED JUNE 1, 1955.

*O. C. Hancock, D. W. Rolader,* for plaintiff in error.
*Paul Webb, Solicitor-General, C. O. Murphy, Frank S. French,* contra.