### 37110. WALKER *v.* THE STATE.

CARLISLE, Judge. 1. The allegations of the indictment which charged the defendant and his codefendant with larceny after

trust in that the said defendant "being then and there employed by W. E. Foster and E. A. Foster to order, receive and sell meat, did enter into a conspiracy with Arthur Lee Robertson who was then and there employed as a salesman by Copeland Brothers & Company did thereafter, after having been so entrusted, take, steal and carry away with the intent to steal the same and fraudulently convert to their own use" specified quantities of smoked hams, backbones, ribs, etc., of the value of $322.01, "all of which was entrusted to the said Walker to the injury of the said W. E. Foster and E. A. Foster, the owners thereof thus entrusting him" were not subject to the demurrer on the ground that the allegations failed to allege any entrustment to the defendant of any article of value by any person whomsoever, or that they failed to allege the purpose of the entrustment. Code § 26-2808; *Driver* v. *State,* 60 *Ga. App.* 719, 720 (4 S. E. 2d 922).

2. The sole special ground of the motion for new trial excepts to the admission in evidence of acts and statements made by the alleged co-conspirator of the defendant while out of his presence over the timely objection that the statements were hearsay and inadmissible to prove a conspiracy. The rule is well established that, "Unless a conspiracy is shown prima facie, evidence of acts or declarations of a codefendant can operate only against the person whose acts or declarations are proven if he is on trial. If he is not on trial, they are not admissible against the defendant on trial. *Wall* v. *State,* 153 *Ga.* 309 (2) (112 S. E. 142) ; *Johnson* v. *State,* 186 *Ga.* 324 (2) (197 S. E. 786) ; *Lanier* v. *State,* 187 *Ga.* 534 (4) (1 S. E. 2d 405)." *McCluskey* v. *State,* 212 *Ga.* 396, 398 (93 S. E. 2d 341). However, the evidence in this case aliunde that objected to shows that the defendant was employed by W. E. Foster and E. A. Foster, doing business as Foster Bros. Super Market in College Park in their meat market, which was a part of their grocery store operation, to order, receive and sell meat; that there was maintained in the rear of the store where the defendant worked a cooler where meat was kept prior to being placed in the display cases; that the defendant's only duties in connection with his employment were at the store of Foster Brothers; that he had no connection with any other place of business where fresh meat would be kept, stored or sold; that his codefendant and alleged co-conspirator was

a salesman with Copeland Bros. & Co., a wholesale meat packer who sold meat to his employers; that the defendant here on trial, together with his alleged co-conspirator Robertson on the night of the theft here involved, came to the rear of his employer's store at about 7 or 7:30 in the company of Robertson's wife and small child and in Robertson's automobile, and picked up and placed in Robertson's automobile the meat in question which had just been unloaded on the rear platform of his employer's store by a Copeland Brothers truck driver; that he signed a receipt for the meat on behalf of his employer and gave it to the truck driver and that Robertson and his wife and child and the defendant drove off in Robertson's car with the meat therein, and that the parties were apprehended by the police after driving less than a block from the store. This evidence was sufficient to show a conspiracy on the part of the defendant together with his codefendant, Arthur Lee Robertson, to perpetrate the offense of larceny after trust as defined in Code § 26-2808, and was sufficient to authorize the admission of the evidence over the objection urged as set forth in the special ground of the motion for new trial. See *Spradlin* v. *State,* 90 *Ga. App.* 97, 99 (82 S. E. 2d 238). A conspiracy may be shown by circumstantial evidence as well as by direct testimony. *Dowis* v. *State,* 74 *Ga. App.* 217, 220 (1) (39 S. E. 2d 413); *Anthony* v. *State,* 90 *Ga. App.* 448 (1) (83 S. E. 2d 217). The evidence complained of was admissible whether some or all of the elements of a conspiracy were proved after the evidence of the statements was admitted. *McDaniel* v. *State,* 103 *Ga.* 268, 273 (3) (30 S. E. 29).

3. The evidence when viewed in the light most favorable to sustain the verdict (*Leach* v. *State,* 82 *Ga. App.* 520 (d), 61 S. E. 2d 572), showed that the defendant was apprehended in an automobile driven by his codefendant and transporting a quantity of meat which was the property of his employer away from the premises of his employer under circumstances which warranted at least a suspicion that the meat was being stolen, and this evidence when taken with the testimony of Copeland Brothers' truck driver relating to acts and statements of the codefendant, which was properly admitted, to the effect that he had proposed to the truck driver that he deliver meat sold by the codefendant to Walker's employers at a place other than the premises of the employers and that the defend-

506

ant would receipt for the meat and that it would mean extra money to the truck driver, authorized the verdict.

*Judgment affirmed.*   *Gardner, P.J., and Townsend, J., concur.*

DECIDED APRIL 17, 1958.

*Albert B. Wallace,* for plaintiff in error.
*Lee Hutcheson, Solicitor-General,* contra.