## 42042. HAMILTON v. THE STATE.

DEEN, Judge. 1. The court is not required in the absence of a timely written request to charge the jury the law relating to impeachment of witnesses. *Douberly v. State*, 184 Ga. 573 (5) (192 SE 223); *Arnold v. State*, 94 Ga. App. 148, 152 (93 SE2d 775).

2. Error cannot be urged as to the admission in evidence of a .22 caliber bullet identified by a witness as that taken from the body of the deceased, even though the identification was later shown to have been based on hearsay testimony, where counsel, upon the State's tender of the bullet in evidence, specifically stated that he had no objection. The same applies to the admission in evidence of a pistol belonging to the defendant, no objection having been made at the time.

3. The defendant was convicted of voluntary manslaughter under a murder indictment. He admitted the fatal shooting, but contended that the act was in self-defense, after the deceased had struck him and continued to advance on him. The only eyewitness, the wife of the deceased, testified that the defendant initiated the quarrel and that he fired the shot without provocation or necessity. The verdict, indubitably being supported by evidence, will not be disturbed by this court. *Turner v. State*, 92 Ga. App. 109 (1) (88 SE2d 44).

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

ARGUED JUNE 8, 1966—DECIDED JUNE 22, 1966—REHEARING DENIED JULY 8, 1966—

*Sullivan & Herndon, John J. Sullivan*, for appellant.

*Andrew J. Ryan, Jr.*, Solicitor General, *Robert E. Barker, Andrew J. Ryan, III*, for appellee.