## 42327.  COOK v. THE STATE.

NICHOLS, Presiding Judge.  Robert C. Cook was tried and convicted in the City Court of Savannah on two accusations charging him with driving under the influence of intoxicating liquors.  By agreement the defendant was tried jointly on both accusations and the trial court sentenced him to pay fines of $200 or serve 6 months in jail on accusation 35523, and $150 or serve 6 months in jail on accusation 36422.  Defendant appeals the judgment of the trial court on each accusation and contends in his enumeration of error that the trial court erred in sentencing defendant for the reason, as contended by defendant, that the evidence adduced showed that defendant was a chronic alcoholic; that chronic alcoholism is a disease and not a crime and that the sentence imposed by the trial court was in violation of his constitutional rights under the Eighth Amendment of the Constitution of the United States in that such punishment constitutes cruel and inhuman treatment.  *Held:*

1. The defendant does not deny that he was driving under the influence of intoxicating liquors as charged in each of the accusations, but contends as a defense to such charges, that he is a chronic alcoholic and thus cannot be convicted of

a crime or misdemeanor. Therefore the sole question here is whether chronic alcoholism is a defense to such charge.

2. "If the drunkenness produced a temporary frenzy, madness or unsoundness of mind in the accused, he will not be excused or held irresponsible for the act done by him while laboring under such temporary insanity, madness or unsoundness of mind thus produced, because it is his own voluntary act; he put himself in that condition, and must abide all its consequences. But if the mania, insanity or unsoundness of mind, though produced by drunkenness, be permanent and fixed, so as to destroy all knowledge of right and wrong, then the person thus laboring under these infirmities would not be responsible. The insanity must be fixed and permanent, and such we understand to be the ruling of this court in *Choice v. State,* 31 Ga. 424. Undoubtedly this was the common law. 1 Hale's P. C., 32. It is there stated that 'although the simplex frenzy occasioned immediately by drunkenness excuse not in criminals, yet if by one or more such practices an habitual or fixed frenzy be caused, though this madness be contracted by the vice and will of the party, this habitual and fixed frenzy thereby caused puts the man in the same condition in relation to crimes as if the same were contracted involuntarily at first.' 4 Coke, § 125 (a). Blackstone, in the 4th book of his commentaries, page 26, says, 'As to artificial, voluntarily contracted madness by drunkenness or intoxication, which depriving men of their reason, puts them in a temporary frenzy, our law looks upon this as an aggravation of the offense, rather than as an excuse for any criminal misbehavior.' We think that these principles, laid down by these sages of the law, are as true and correct now as they were when uttered, and are as applicable to the present condition of society. Our law declares that 'drunkenness shall not be an excuse for any crime or misdemeanor.' " *Beck v. State,* 76 Ga. 452, 470.

3. In the present case there was no contention made that the defendant was laboring under any such permanent disability, or that he did not know right from wrong when not under the influence of intoxicating liquors.

*Judgment affirmed. Hall and Deen, JJ., concur.*

Argued September 12, 1966—Decided September 20, 1966.

Sullivan & Herndon, John J. Sullivan, for appellant.
Andrew J. Ryan, Jr., Solicitor, Tom A. Edenfield, for appellee.