46770.   BROWN v. THE STATE.

CLARK, Judge. Willie Lee Brown was found guilty of burglary by a jury in DeKalb County. He has taken this appeal after the overruling of his motion for new trial. The enumeration of errors includes the denial of the new trial motion on general grounds and three charges to the jury by the trial court.

Appellant earnestly contends the State's case was built entirely upon circumstantial evidence based solely upon recent possession of goods identified as taken during the burglary. Pointing to *Code* § 38-109 he contends that the State has not excluded every other reasonable hypothesis save that of the guilt of the accused. We disagree.

Defendant and another accused were apprehended in front of the residence which had been burglarized no more than five minutes before arrest. They were pushing an automobile which upon search was found to have hidden under the front seat the cameras which had been taken in the burglary. The appellant and the other defendant were then placed in the rear seat of the patrol car. Shortly thereafter while officers were searching for a missing small .22 caliber revolver the accused and his confederate were removed from the patrol car. Beneath the rear seat where they had been sitting were found a box of .22 caliber shells and a stereo adaptor cable. These two items were identified by certain special markings as proceeds of the burglary. Defendant denied breaking into the house and explained he had purchased the cameras from two boys walking down the street as they were pushing the car and that the bullets were given to them by the two boys.

1. The appellant analogizes his case to *Shropshire v. State,* 69 Ga. 273, where the issue was possession of property found in a dwelling occupied by more than one person, the Supreme Court ruling that finding goods under these circumstances was not conclusive evidence that the goods were in the possession of any one of them. We find the situation here to be similar to *Cheatham v. State,* 57 Ga. App. 858 (197 SE 70) and that appellant and his confederate were in joint and exclusive possession of the car. Furthermore, there is the discovery of the stolen items found where they had been seated in the back seat of the police car. "The jury alone have the right to determine upon the force and effect of the facts and circumstances proved, and whether or not they are satisfactory in war-

ranting them in finding the defendant guilty." *Berry v. State,* 10 Ga. 511 (8).

2. In a prosecution for larceny or burglary the recent possession of the property alleged to have been stolen by the defendant is considered sufficient proof, if the jury sees fit to accept it, to satisfy the requirements of the circumstantial evidence rule as contained in *Code* § 38-109. *Myerholtz v. State,* 109 Ga. App. 352 (136 SE2d 165); *Harvey v. State,* 111 Ga. App. 279, 280 (141 SE2d 604).

3. After a verdict of guilty, in passing on a motion for new trial, that view of the evidence most favorable to the State must be taken, for every presumption and every inference is in favor of the verdict. *Walker v. State,* 97 Ga. App. 503 (103 SE2d 681); *Turner v. State,* 92 Ga. App. 109 (88 SE2d 44); *Leach v. State,* 82 Ga. App. 520 (61 SE2d 572).

4. Whenever there is any evidence, however slight, to support the verdict which has been approved by the trial court, the Court of Appeals is without authority to control the judgment of the trial court on the general grounds of a motion for new trial. *Edenfield ·v. State,* 41 Ga. App. 299 (152 SE 597); *Turner v. State,* 92 Ga. App. 109, supra.

5. As to the attacks made by appellant's counsel on the charges of the trial court in which he argues an unwarranted burden has been placed on the appellant, we find the court's charges were either direct quotations of Code sections or rules of law contained in our decisions and were not erroneous in the respects contended.

The motion for new trial was properly denied.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*

Submitted January 5, 1972—Decided January 18, 1972.

*Hendon & Henley, J. W. Moulton,* for appellant.

*Richard Bell, District Attorney, Bryan M. Cavan,* for appellee.