## 48146. BARRETT v. THE STATE.

EBERHARDT, Presiding Judge. The defendant was convicted of theft by taking of a horse (Code § 26-1802 (a)) and sought a new trial on the general grounds only. A careful review of the transcript reveals that there is evidence upon which a conviction might rest, and we should not disturb it. *Carnes v. State,* 28 Ga. 192. Indeed, the defendant does not deny the testimony of two people, with whom he was riding around and drinking beer, that he had a bridle with him and told them he was going to get a horse that he had bought, that he took the horse at night from the pasture of another, rode the horse to his home and tied it to a tree behind his house. His only defense, as asserted in his unsworn statement, was that "I was drunk and I don't remember nothing about the horse. I woke up the next morning and there it was."

"If the condition of a man's mind, when unexcited by liquor, is capable of distinguishing between right and wrong, reasoning and acting rationally, and he voluntarily deprives himself of reason by intoxication, and commits an offense while in the condition, he is criminally responsible for it." *Choice v. State,* 31 Ga. 424 (7). See also *Adkins v. State,* 198 Ga. 720 (32 SE2d 768); *Grimes v. Burch,* 223 Ga. 856 (159 SE2d 69); *Harrell v. State,* 69 Ga. App. 482 (2) (26 SE2d 151); *Cook v. State,* 114 Ga. App. 309 (151 SE2d 155); *Burger v. State,* 118 Ga. App. 328 (163 SE2d 333). "Even if it could be said that the evidence is somewhat weak, after a verdict of guilty, in passing on the motion for a new trial that view of the evidence most favorable to the state must be taken, for every presumption and every inference is in favor of the verdict. *Johnson v. State,* 69 Ga. App. 663 (2) (26 SE2d 482)." *Morgan v. State,* 77 Ga. App. 516, 517 (48 SE2d 681); *Leach v. State,* 82 Ga. App. 520 (d) (61 SE2d 572); *Turner v. State,* 92 Ga. App. 109 (1) (88 SE2d 44); *Walker v. State,* 97 Ga. App. 503 (3) (103 SE2d 681); *Ryder v. State,* 121 Ga. App. 796 (3) (175 SE2d 882); *Taylor v. State,* 128 Ga. App. 13, 14 (195 SE2d 294).

*Judgment affirmed. Pannell and Stolz, JJ., concur.*

SUBMITTED MAY 3, 1973 — DECIDED MAY 9, 1973.

*Jack Holland ,* for appellant.
*Bryant Huff, District Attorney, Gary Davis, Dawson Jackson,* for appellee.