## 14125. TONEY v. THE STATE.

The finding of whisky in the defendant's house, under the circumstances shown by the evidence, did not authorize the verdict finding him guilty of having whisky in his possession.

DECIDED MARCH 7, 1923.

Certiorari; from Fulton superior court — Judge Humphries November 11, 1922.

*Harvey Hill,* for plaintiff in error.

*John A. Boykin, solicitor-general, Roy Dorsey, solicitor, E. A. Stephens,* contra.

BROYLES, C. J. The defendant was convicted of having whisky in his possession. The evidence showed that the whisky was found in his house, but that Clyde Shaw (his son-in-law) and Clyde's wife also lived there. There was no direct evidence that the whisky belonged to the defendant or that it was in the house with his consent or knowledge; and, under all the particular facts of the case, the hypothesis of the defendant's guilt was no more reasonable than the hypothesis that Shaw was guilty. In fact the record shows that both the defendant and Shaw were charged with having possession of the whisky, and that separate accusations against each were issued. (They were not charged with the joint possession of the whisky.) Upon the defendant's trial Shaw was not put upon the witness stand. Under these circumstances the evidence did not exclude every reasonable hypothesis save that of the defendant's guilt, and the judge of the superior court erred in overruling the certiorari, which alleged that the verdict was contrary to law and the evidence. See, in this connection, *Cummings* v. *State,* 25 *Ga. App.* 427 (103 S. E. 687), and citations.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*