542

DECIDED NOVEMBER 13, 1929.

*Duke Davis,* for plaintiff in error.

*L. L. Meadors, solicitor,* contra.

LUKE, J.  Having been convicted of possessing intoxicating liquor, Joe Griggs filed a motion for a new trial based upon the usual general grounds and the ground that the court, without request, failed to charge the law of circumstantial evidence.

R. B. Carter testified: that at about nine o'clock p. m., in Troup County, he and another officer overtook Ernest Florence and the defendant, who were in an automobile truck driven by Florence; that on the floor-board of the automobile, and between the defendant's legs, was a five-gallon jug of whisky in a sack; that witness asked defendant if that was all the whisky he had, and defendant replied, "Well, you caught me with it;" that Ernest Florence said that the whisky was not his, and that he just went along to drive the truck, but knew "that they were going after whisky;" that when the truck was stopped it had turned off the road that led directly to where Ernest Florence and his employer, E. M. Sivell, lived, and was on the road leading to the defendant's house; that the truck was claimed by Merrill Sivell, but E. M. Sivell used it in his dairy business; and that there were no soy beans in the truck.

C. M. Browning testified: that he and R. B. Carter pursued and overtook the truck; that there was a five-gallon jug of whisky on the floor-board of the truck between defendant's legs; that Carter asked defendant whose whisky it was, and he said, "Well, you got us held up;" that when something was said about the jug's containing milk the defendant said it was not milk; that witness asked defendant if whisky was plentiful in Meriwether County and he said that it was scarce; that witness asked defendant what they were getting for it, and he said "he paid $3;" and that Ernest Florence

said that he was sent to drive the truck and that it was not his whisky. Ernest Florence testified: that he had pleaded guilty to possessing this same whisky; that Mr. Sivell sent him after the defendant to go with him to get some soy beans; that he left the truck and got the whisky himself; that it was his property; the defendant protested against putting the whisky in the truck; that witness was driving and had charge of the truck, and that defendant had nothing to do with it.

The defendant stated that the whisky was not his, and that he had nothing to do with it; that Mr. Sivell asked him to go down to Mr. Florence's to see about some soy beans; that Ernest came by for him in Mr. Sivell's truck; that when they reached Florence's place, Ernest told him that he wanted to go down the road to see a fellow; that it was dark, and that after they had gone a short distance he discovered the whisky and protested that it might get them into trouble; that the whisky was between him and Ernest, and that the reason it was found between his legs was that he had placed his left foot over the whisky to open the door for the officers; that Carter asked him if it was Sivell's whisky, and that he replied: "Well, you got us held up, so what are you going to do about it?"

It further appears from the record that E. M. Sivell was a brother-in-law of the defendant, was very sick when the whisky was found, and died ten days later.

The evidence abundantly supports the verdict, and the conviction of the defendant did not depend entirely upon circumstantial evidence. A casual reading of the case of *North* v. *State,* 39 *Ga. App.* 119 (146 S. E. 347), cited by plaintiff in error to show that the defendant's conviction rested wholly upon circumstantial evidence, and that therefore the court erred in failing to charge the law of circumstantial evidence without request, discloses a difference between the facts of that case and the one under consideration. *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*