21040.   EADS *v*. THE STATE.

DECIDED JANUARY 14, 1931.

*Hugh E. Combs,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

BLOODWORTH, J.   Mat Eads was convicted of possessing alcoholic liquors.   The evidence shows that about half a pint of liquor was found in his barn; that it "was right under the front-door sill of the barn;" that the barn was not locked; that it had a hall running through it.   A witness (the sheriff) swore that when he got there the accused "was coming from toward that barn toward his house. . . I think he came on to the house and went to bed.   I believe he said he was sick at the time. . . I remember the doctor being there at the time we were there."   The defendant stated that he did not know anything about the liquor being put in the barn.   "I was not at the barn.   I had been sick several days, and before the sheriff came I had taken some liver medicine and went to the closet. He [the sheriff] drove up before I came back.   He met me between the well shelter and the closet."   C. H. Huguley, who rented the premises to the defendant, testified that there was a little closet "kinder even with the barn," which the accused and his folks used; that he knew the barn where the liquor was found, and that "two or three used that barn besides Mat;" that Henry Coleman used the barn and had to go there every day to the barn to feed his mules; that Mat's wife had a boy about twenty years old who "had the use of the barn;" that they all kept their mules there and fed together; that "they all used the same barn."   He further testified that he rented to Mat; that "these other men work for me on halves."   The defendant in his statement accounted for his presence near the barn.   There is no direct evidence that the whisky belonged to the defendant, or that it did not belong to one of the several persons who had joint use of the barn with the defendant. Certainly the evidence does not exclude every reasonable hypothesis

save that of the guilt of the accused; for it is just as reasonable to conclude that the liquor belonged to one of the other parties who jointly used the barn.

"The evidence relied upon by the State to connect the accused with the offense of having in his custody and control intoxicating liquor was wholly circumstantial in character, and did not exclude every reasonable hypothesis save that of the guilt of the accused. Accordingly, the court erred in overruling the motion for a new trial." *Reeves* v. *State, 23 Ga. App.* 9 (97 S. E. 263). See also *Kennedy* v. *State, 23 Ga. App.* 141 (97 S. E. 894) ; *Jelks* v. *State, 36 Ga. App.* 638 (137 S. E. 840) ; *Arnold* v. *State, 40 Ga. App.* 621 (151 S. E. 48).

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*