## 25360. PATTERSON v. THE STATE.

DECIDED APRIL 17, 1936.

*L. M. Wyatt, L. R. Morgan,* for plaintiff in error.

*L. L. Meadors, solicitor,* contra.

MacINTYRE, J. The only question for determination in this case is whether or not the evidence supports the verdict finding R. M. Patterson guilty of illegally possessing whisky.

R. B. Carter testified in substance that while patrolling a public highway in Troup County, Georgia, on February 25, 1935, he passed a two-passenger automobile in which R. M. Patterson, A. L. Brown and W. F. Allen were riding, and that W. F. Allen was driving the automobile; that noticing that the defendant and Brown were drunk, witness searched said automobile and found "two cases of bottled-in-bond whisky . . in the back of the car;" and that "both Mr. Brown and Mr. Allen denied it being their whisky . . in the presence of R. M. Patterson." A. L. Brown testified in substance that said automobile belonged to the defendant; that while in Troup County the defendant gave witness a drink of whisky out of a pint bottle, and that they took several other drinks and became intoxicated to such an extent that it was no longer safe for the defendant to drive the automobile, and they "went over the State line to Lanett, Alabama, and got Mr. W. F. Allen to drive the car back to LaGrange;" that two cases of "red whisky" were in the automobile, but that it was not his whisky and he did not know it was there; and that "Mr. Allen did not drink any whisky with us, and did not put any whisky in the automobile."

W. F. Allen testified substantially as did the preceding witness. He testified specifically that the whisky was "in a closed compartment just back of the seat on which we three were riding;" that he did not know who owned the whisky, but that it was not his and he did not know that it was there; and that the defendant said the automobile was his. Judge J. J. Childs testified that when the defendant appeared before him, he said that "the whisky did not

belong to him." The defendant made no statement in the case.

Counsel for the accused cite two cases. The first is *Dean* v. *State*, 48 *Ga. App.* 159 (172 S. E. 89). It merely states the circumstantial evidence rule. The other case is *Brown* v. *State*, 44 *Ga. App.* 420 (161 S. E. 659). In it several persons other than the defendant used the crib where whisky was found and the pasture where whisky was found, and none of these persons testified that the whisky was not his; a state of facts which brings that case within the "joint occupancy rule" applied in *Cummings* v. *State*, 25 *Ga. App.* 427 (103 S. E. 687). In the instant case, each of the two other occupants of the automobile swore that the whisky was not his and that he knew nothing about it, thus warranting the jury in fixing the ownership and possession of the whisky upon the defendant, notwithstanding his statement that "the whisky did not belong to him." The evidence supports the verdict of guilty, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*