30841. MORRIS v. THE STATE.

DECIDED APRIL 28, 1945. REHEARING DENIED MAY 15, 1945.

R. P. Johnston, Vester M. Ownby, Thomas J. Lewis, for plaintiff in error.

Lindley W. Camp, solicitor, E. E. Andrews, solicitor-general, Durwood T. Pye, contra.

BROYLES, C. J. The defendant and Daniel P. Brown were jointly indicted for the larceny of an automobile. Upon the trial of the defendant, he was convicted of the offense charged; his motion for a new trial was overruled, and that judgment is assigned as error.

The evidence showed the following undisputed facts: On October 26, 1944, the prosecutor parked his automobile in front of his house on Grant Street in Atlanta, Fulton County, Georgia, at

about 11 o'clock at night; in less than five minutes after so doing he heard the motor crank, ran out, and saw that the car was gone; he immediately telephoned the State and city police, and in forty-six minutes he was notified that his car, with two men in it, had been seized by the police in Marietta, Georgia; he went to Marietta and identified the car as his, and saw the defendant and Daniel P. Brown in the jail; those two men were in the car when it stopped in Marietta; Brown was driving, and the defendant asked a negro there how to get out to Tennessee; Brown and the defendant were well acquainted with each other, and Brown left Atlanta with his room rent paid up for several days, and had a ticket in his pocket to go to Jacksonville, Florida, to get a job there; the defendant and Brown were intoxicated when they were arrested in Marietta; and the value of the stolen car was $350. Brown testified that he bought the car for $45 from a stranger, who said his name was J. T. Smythe, of Gordon Street, West End, and that he received no bill of sale. Brown was the only witness for the defendant. He testified that the defendant saw him pay the money to the stranger. The defendant in his statement to the jury said that on October 26, he and Brown got together on Decatur Street in At-lanta and went into several "beer joints" and drank a considerable amount of beer. They then went to Brown's apartment, "and he and I paid the room rent for me to spend the night there with him." He also stated that he thought Brown had bought the car and that he did not know it had been stolen, and that when he got in it he had a pint of whisky in his pocket.

The main contention of counsel for the defendant is that, since the evidence disclosed that Brown was the driver of the car, the defendant was only a passenger, and that he could not be held to be in possession of the stolen car. Under the undisputed facts of the case, the contention is untenable. In *Cheatham* v. *State*, 57 *Ga. App.* 858 (197 S. E. 70), the headnote reads: "Evidence *held* sufficient to authorize a finding that the defendant and two others, who were apprehended while riding in the stolen automobile a few hours after its theft, and at a point some distance there-from, were in joint and exclusive possession of the car, although there was no evidence that the defendant drove the car. Recent, unexplained possession of stolen property is sufficient to support a conviction of larceny;" and in the opinion this court said: "It

is true that the defendant's possession must be personal, conscious, and exclusive, but 'possession may be personal and exclusive, although it is the joint possession of two or more persons.' 36 C. J. 872. 'The exclusive possession discussed in the authorities as a necessity to the presumption [inference] of guilt is not necessarily the possession of a single defendant. Two or more may have the exclusive possession of stolen property. One defendant in the crime may hold the actual possession of stolen property for himself and other defendants.' Weisman v. U. S., 1 Fed. (2d) 696; State v. Raymond, 46 Conn. 345; State v. Costin, 46 Wyo. 463 (4) (28 Pac. (2d) 782); State v. Prunty, 276 Mo. 359 (208 S. W. 91). . . The above authorities lay down the rule that the possession may be exclusively in two or more persons. Does the evidence in the present case indicate that the relationship of the defendant to the car which he was occupying was other than that of passenger? The character of possession is determined by the kind and character of the property. In order to raise the inference of guilt, it is not always necessary to show actual manual possession. Some things, such as an automobile, are not capable of being carried in one's hands or in one's pocket. In the present case there are circumstances other than the isolated fact that defendant was apprehended riding in the automobile, which, by way of inference, tend to throw light on the relationship of the defendant to the stolen car. The whole case, as appears from the evidence, is that not more than three or four hours after the car was stolen the defendant was apprehended riding therein with two others, one of whom was driving. They were traveling away from Atlanta, and when apprehended were some distance therefrom and all three were decidedly drunk. It is to be remembered that it is within the province of the jury to draw such inferences and conclusions from these facts as in their judgment they will warrant. *Berry* v. *State,* 10 *Ga.* 511. Unless it can be said that fair-minded men could not reasonably infer that the three were in exclusive joint possession of the car, and were in particeps crimini, this court can not hold that the verdict is unsupported. It is strongly inferable from the evidence that the three were not strangers, and that in the possession of the car they were *acting in concert.* Only a few hours before their apprehension the car had been stolen at a distant point, and at the time of their arrest they were thoroughly

intoxicated. In becoming intoxicated, they were apparently in one accord, and this condition must have been brought about by their drinking along the way. If they became intoxicated together, and were apprehended riding in a car which only a few hours theretofore had been stolen at a distant point, traveling away from the place of theft, is it not strongly inferable. that they were acting in concert, i. e., that they 'breathed together?' We think so." The facts of the *Cheatham* case are quite similar to those of the case at bar, and we hold that the evidence authorized the jury to find that the defendant and his friend Brown were in joint and exclusive possession of the stolen car in Marietta in less than one hour after it had been stolen in Atlanta. The jury, under all the facts of the case, were further authorized to reject as unreasonable and improbable the explanation as to their possession of the stolen car given by Brown and the defendant, and to find them guilty of the offense charged.

The evidence authorized the charge upon recent possession of stolen property and the charge was not error for any reason assigned.

Special ground 2 of the motion for new trial alleges that the court erred in failing to charge the provisions of section 38-102 of the Code "as to the weight of circumstantial evidence." That section contains no provision "as to the weight of circumstantial evidence." Furthermore, even if the ground could be considered by this court, the evidence connecting the defendant with the offense charged was not *wholly* circumstantial, and no request to charge upon the weight to be given circumstantial evidence having been presented, the failure to so charge was not error. The court did not err in overruling the motion for new trial.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*