### 33217.   LEACH v. THE STATE.

GARDNER, J. The defendant was convicted of stealing an automobile. The evidence on which he was convicted was substantially as follows:

Mr. W. H. Wynne Jr., left his Lincoln automobile at Norwood Service Station in Atlanta near where Mr. Wynne worked. About midnight on February 17, 1950, the date the automobile was stolen, the owner went to the service station to procure his car. It was gone. On the following day the owner rented an automobile and about 4 p. m., while driving on Davis Road, he recognized his automobile coming in the opposite direction, and it passed (met him). Mr. Wynne turned the car which he was operating around and followed his own Lincoln car. He tried to get the occupants of the Lincoln to stop. The defendant was not driving the Wynne car. The occupants refused to stop, whereupon Wynne notified the officers. When the officers arrived at the scene where the occupants of the stolen car abandoned it, they put bloodhounds on the tracks of the occupants, and located and arrested them. One Rush was driving the car. The defendant was riding beside him. It is undisputed that the defendant was not driving the automobile. He claims that Rush had picked him up; that he did not know Rush. However, the evidence reveals that Rush and the defendant had known each other while doing penal service in the State penitentiary. Rush was sworn as a witness, and exonerated the defendant from any knowledge that Rush had stolen the car. The State, for impeaching purposes, introduced, without objection, six felony indictments against Rush, alias Malcom J. Rudd, including the theft of the automobile in question. He was, at the time of the indictment, under investigation as an escapee from the State penitentiary.

The defendant made a statement to the effect that he did not know that the car was stolen; that the first he knew of it was when Mr. Wynne told them to stop the car, whereupon Rush informed the defendant that the automobile in which they were riding was a stolen automobile.

(a) The jury were authorized to find that Rush and the defendant were well acquainted, after serving time together in the State penitentiary.

(b) The jury were not bound to believe Rush under his record as a thief, as shown by the evidence.

(c) The jury were authorized to find that the defendant and Rush were in exclusive joint possession of the car, and were participes criminis. See, in this connection, *Cheatham* v. *State*, 57 *Ga. App.* 858, 860, 861 (197 S. E. 70). In the concluding sentence of that opinion the court said: "We are of the opinion that the evidence was sufficient to authorize the jury to infer that the three defendants were in joint and exclusive possession of the stolen automobile, and that the jury were therefore, authorized to find the defendant guilty of the larceny." In that case there was no evidence that the defendant Cheatham ever drove the car. The opinion in the *Cheatham* case is well considered on the point raised here, and sustains the verdict of guilty.

(d) It is the duty of this court, in passing on a motion for a new trial, to view the evidence most favorably to the State. In such consideration by this court every inference is in favor of the verdict. *Morgan* v.

*State,* 77 *Ga. App.* 516 (48 S. E. 2d, 681). Also, a conspiracy may be shown by direct or circumstantial evidence. *Swain* v. *State,* 74 *Ga. App.* 391 (39 S. E. 2d, 727). There are no special assignments of error.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 19, 1950.

*Frank A. Bowers,* for plaintiff in error.

*Paul Webb, Solicitor-General, Frank S. French, William Hall,* contra.