## 37488. THOMAS *v.* THE STATE.

TOWNSEND, Judge. 1. The defendant Paul Thomas was charged in the Superior Court of Bartow County with the possession of illegal liquor. Evidence revealed that for the past ten years a woman named Julia Henderson and her son, who was 16 or 18 years old at the time of the trial, had lived with the defendant as members of his household, although she was not married to him; that about four years ago they had moved into the house in which the liquor search was conducted; that one gallon of moonshine whisky was located in an open vessel in a locked closet opening to a hall in the east end of the house; that the defendant was not present at the time and the other two occupants of the house did not produce a key, for which reason the door was forced off by the officers; that the defendant ran a place of business next door; that the boy who was present when the whisky was found left for the stated purpose of telling the defendant that the officers wanted the key to the closet; that the defendant then disappeared and was not found for a period of 30 days, at the end of which time he voluntarily appeared and asked to make bond. The defendant denied having the whisky and stated that Julia Henderson and her son were staying with him and that he was unable to marry, having a previous undivorced wife.

Evidence that non-tax-paid liquor is located on premises occupied by and under the control of the defendant is usually sufficient to sustain a conviction. *Cohran* v. *State,* 38 *Ga. App.* 129 (142 S. E. 703); *Wynn* v. *State,* 38 *Ga. App.* 262 (143 S. E. 599); *Warren* v. *State,* 53 *Ga. App.* 221 (185 S. E. 385); *Sims* v. *State,* 60 *Ga. App.* 32 (2 S. E. 2d 716); *Young* v. *State,* 36 *Ga. App.* 273 (136 S. E. 556); *Hoffman* v. *State,* 42 *Ga. App.* 370(1) (156 S. E. 282); *Ray* v. *State,* 42 *Ga. App.* 420 (156 S. E. 646). The rule is otherwise where liquor is found on premises occupied by the defendant, but it affirmatively appears that persons other than the defendant and members of his immediate household of which he is the head had equal opportunity with him to commit the crime. *Harper* v. *State,* 85 *Ga. App.* 252 (69 S. E. 2d 102); *Summerville* v. *State,* 66 *Ga. App.* 61 (17 S. E. 2d 82); *Savage* v. *State,* 28 *Ga. App.* 543 (112 S. E. 523); *Toney* v. *State,* 30 *Ga. App.* 61 (116 S. E. 550). Where a man and woman who are married are living together, the husband is the head of the

household and presumptive owner of its contents, including illegal liquor found therein. *Patterson* v. *State,* 8 *Ga. App.* 454 (69 S. E. 591) ; *Barron* v. *State,* 46 *Ga. App.* 829 (169 S. E. 323). The question arises in this case as to whether Julia Henderson and her son were members of the defendant's household where the evidence demands a finding that they were not in fact married. Nevertheless, they had lived with the defendant for ten years, had moved from one place to another with him, the boy had grown up in his house, and the defendant admitted that she had "come there to visit with me, stay with me." Under these circumstances, the fact that no marriage ceremony was entered into between the parties is not of itself sufficient to nullify the presumption that the Hendersons were in fact members of the defendant's household. Neither of these parties testified and there is no evidence from which the inference would arise that they or either of them had possession of the hall closet to the exclusion of the defendant. The same is true of another man, as to whom there is some testimony that he was an employee of the defendant and was seen eating in the house. The evidence is accordingly sufficient on the general grounds to support the verdict.

2. The elements of proof of a common-law marriage may include reputation, conduct, and reception among friends and neighbors as married. *Allen* v. *State,* 60 *Ga. App.* 248(1) (3 S. E. 2d 780). It was accordingly not error to overrule an objection to the question, "Are you acquainted with the reputation of this couple with reference to whether or not [they live] as man and wife over there in that community?" on the ground that this is not the highest and best evidence, and that "you can't prove marriage that way."

3. The trial court, over objection to evidence of certain statements made regarding the defendant, not in his presence, admitted the evidence for the limited purpose of showing subsequent conduct on the part of the police officers, but instructed the jury that it was hearsay and could not be considered for any other purpose. The value of the evidence, even for the purpose of showing motive and conduct, is dubious; nevertheless, in view of the instructions given the jury, it was not prejudicial to the defendant, and was at most irrelevant and immaterial. Accordingly, special grounds 2 and 3 show no reversible error.

4. Error is assigned in special ground 4 on the court's charge

that "the State relies on flight in this case as an inference of guilt", on the ground that there was no evidence of flight on the part of the defendant. Evidence for the State shows that the defendant lived in the house and had an adjoining place of business; that when they went to look for him in his place of business he had left, and that thereafter they were unable to find him for a 30-day period. The evidence is sufficient to sustain the charge on the subject of flight, and it will not be presumed that the court intended or the jury understood these instructions to refer to other testimony which the court had already instructed the jury was hearsay and could not be considered on the issue of the guilt or innocence of the defendant.

5. Special ground 5 contends that the court erred in failing to charge "the sole defense of movant that he had no liquor in the house and was not married to Julia Henderson." As is stated above, the absence of a regularized marriage relationship under the facts of this case does not constitute a defense. The evidence demands a finding that liquor was found in the house, and that the house was under the control of the defendant, which left for the determination of the jury the question of whether or not the defendant had knowledge of its presence there. The court charged that "the defendant enters upon the trial of this case with the presumption of innocence resting in his favor, and that presumption remains with him like a proven fact until and unless the State shall introduce evidence sufficient to convince your minds beyond a reasonable doubt as to [his] guilt." Had the defendant desired a more specific charge as to any phase of his defense, it should have been made the subject of an appropriate written request.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 15, 1959—REHEARING DENIED FEBRUARY 2, 1959.

*Pittman & Crowe,* for plaintiff in error.
*R. F. Chance, Solicitor-General,* contra..