## 44053. MORRIS v. THE STATE.

WHITMAN, Judge. 1. This is an appeal from a judgment of conviction and sentence for the offense of illegal possession of nontax-paid whiskey.

The case against the defendant is predicated upon the discovery of nontax-paid whiskey at both 307 and 309 Chester Street, Laurens County, Dublin, Georgia. This discovery was made pursuant to a search warrant to search the 307 and 309 addresses for such contraband. The evidence introduced by the State to show the defendant's connection with the contraband was all circumstantial. The legal title of the premises at 307 and 309 Chester Street was in one Marie Green. She lived at 307 with her children. There was evidence that Morris had, in the past, given his address as 307 Chester Street, that he was frequently seen at the addresses, that he parked his vehicles at the premises, and that he used the area around the houses to store various building materials from a house wrecking and building activity in which he engaged. As a further showing of the defendant's connection with the premises, there was testimony that the defendant came in while the search was in progress at 307, around the hour of midnight, and claimed that certain clothing and shotguns which were there belonged to him. A small quantity of nontax-paid whiskey was found at 307. A larger quantity was found at 309.

2. One of the enumerations of error is that the trial court erred in overruling the defendant's motion for new trial; that the evidence was insufficient as a matter of law to sustain a verdict of guilty.

"Evidence that nontax-paid liquor is located on premises occupied by and under the control of the defendant is usually sufficient to sustain a conviction. . . The rule is otherwise where liquor is found on premises occupied by the defendant, but it affirmatively appears that persons other than the defendant and members of his immediate household of which he is the head had equal opportunity with him to commit the crime. . . Where a man and woman who are married are living together, the husband is the head of the household and presumptive owner of its contents, including illegal liquor found therein." *Thomas v. State,* 99 Ga. App. 25 (1) (107 SE2d 687), and citations.

In this case, sufficient elements necessary to support a finding that the defendant and Marie Green were partners in a common law marriage were not proved. See *Drewry v. State,* 208 Ga. 239, 244 (65 SE2d 916), adopting the dissenting opinion in *Lefkoff v. Sicro,* 189 Ga. 554, 576 (6 SE2d 687, 133 ALR 738); *Allen v. State,* 60 Ga. App. 248 (1) (3 SE2d 780), for the requisite elements. Therefore, it can not be said that the defendant, although he was frequently seen to go into the premises and claimed ownership of some clothing and shotguns found therein, was Marie Green's husband or the presumptive owner of all the contents at the premises. His storage of various building materials in the yards surrounding the premises would not give him possession and control of the premises. Furthermore, other men and women, according to the evidence, had been seen going in the premises.

The circumstantial evidence presented by the State to show possession by the defendant was insufficient as a matter of law to support the verdict. It was not sufficient to exclude every reasonable hypothesis save the guilt of the defendant. See in this connection *Davis v. State,* 13 Ga. App. 142 (78 SE 866); *Pruett v. State,* 36 Ga. App. 625 (137 SE 788); *Eads v. State,* 42 Ga. App. 473 (156 SE 647). The trial court erred in not granting the defendant's motion for a new trial.

3. One of the special grounds of the defendant's motion for new trial will be discussed, as it may arise on the new trial. It was contended that the trial court erred in failing to charge that the offense, being a misdemeanor, must have been shown to have been committed within two years of the date of the return of the indictment. In support of this contention, defendant argued that it was not proved how old the whiskey was, that it might have been 5 or 10 years old. This argument is completely without merit. The age of the whiskey is irrelevant. The gravamen of the offense is *possession* of nontax-paid whiskey irrespective of its age. Possession is a continuing offense.

4. We note in passing that the sentence imposed in this case was "1 year in Pen. and 6 Mos. in Jail" with the six months jail sentence to be probated on paying a fine of $1,000. This sentence was in excess of that authorized by law. See *Code Ann.* § 27-2506. The statute authorizes one year in the penitentiary under the Director of Corrections. It also authorizes the six months in jail (or other county institution)

with provision for probation upon payment of a fine. *But the statute does not authorize both sentences;* it expressly prohibits such.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

SUBMITTED NOVEMBER 7, 1968—DECIDED FEBRUARY 5, 1969.

*B. Clarence Mayfield,* for appellant.