## 44944. GEE v. THE STATE.

WHITMAN, Judge. Horace Gee was tried and convicted for the offense of "Possessing dangerous drugs." The indictment alleged that on January 31, 1969, Gee possessed amphetamine, methamphetamine and pentobarbital in violation of the Georgia Drug Abuse Control Act as defined in Chapter 79A-9 of the Code of Georgia Annotated.

An agent of the Georgia Bureau of Investigation testified that he executed a search warrant at a location described as "Gee's Texaco Station"; that one Luther McQuire was the only person there; and that he found five bottles and two small bags containing pills in the cash register. An employee of the State Board of Pharmacy testified that he transported the pills to the State Crime Laboratory. A toxicologist for the Department of Public Safety Crime Laboratory testified that he made an analysis of the pills and found them to contain amphetamine, methamphetamine and pentobarbital. An employee of the Secretary of State's office testified that Horace Gee was not licensed to deal in dangerous drugs in Georgia.

Heyward Hosch, Jr. testified that he was a gasoline distributor for the Texaco Corporation; that on January 31, 1969, the Texaco station in question was under lease by him to Horace

Gee and Billy Gee, doing business as "Gee Texaco Service Station"; but that during January Horace Gee had had discussions with him to the effect that he was closing out his operations at this station so that he could devote all of his attention to another Texaco station further down the Athens highway which he (Gee) owned; and that Horace Gee did in fact cease operation of the leased station. He further testified that on February 10, 1969, the station in question was leased to Edward G. Beatty. Hosch testified also that the records of Texaco reflect that the last delivery of gasoline made to the station in question was made to Luther A. McQuire. Hosch stated that there were various other people who worked for Gee and operated the station at various periods of time.

In an unsworn statement Horace Gee stated in effect that he had been trying to run both stations but had found it impossible; that he left his brother in charge of the station in question for a while until he discovered that he had been "messing with these things" (presumably referring to pills), and he fired him; that he was in the process of selling the place to Ed Beatty and in the meantime left the place with Luther McQuire to manage and run; that he had no knowledge of any wrongdoing there. Defendant also stated: "I didn't have any knowledge whatsoever of the pills or dangerous drugs or whatever you want to call 'em."

The jury returned a verdict of guilty and the appeal is from the judgment of conviction and sentence. *Held:*

1. There is absolutely no direct evidence in the record that the dangerous drugs found at the station were the property of Horace Gee. The State's case is wholly dependent upon the proposition that the contraband was found at a place under the possession and control of Gee by virtue of a lease from the Texaco Corporation. The evidence shows indisputably that persons other than Horace Gee had liberal access to the station. The search warrant which was admitted in evidence states that Luther McQuire was tending the station at the time of the search and that one pill was found in his pocket. Under the terms of the lease, one Billy Gee was a cotenant of the premises. The State's evidence was that Horace Gee's last physical presence at the station prior to the search was on January 8, 1969.

It is enumerated as error that the verdict of the jury is without evidence to support it. We agree. Merely finding contra-

band on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. *Harper v. State,* 85 Ga. App. 252 (69 SE2d 102); *Summerville v. State,* 66 Ga. App. 61 (17 SE2d 82); *Savage v. State,* 28 Ga. App. 543 (112 SE 523); *Toney v. State,* 30 Ga. App. 61 (116 SE 550). "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." *Code* § 38-109. And see *Eads v. State,* 42 Ga. App. 473 (156 SE 647); *Morris v. State,* 119 Ga. App. 157 (166 SE2d 382).

2. Two enumerations of error have been withdrawn from our consideration. The remaining two need not be discussed.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

ARGUED JANUARY 5, 1970—DECIDED JANUARY 21, 1970.

*Greer, Sartain & Carey, Jack M. Carey,* for appellant.

*Jeff C. Wayne, District Attorney, Charles W. Stephens,* for appellee.