## 26033. IVEY v. THE STATE.

ARGUED SEPTEMBER 16, 1970—DECIDED OCTOBER 22, 1970.

*Pegram Harrison, Richard M. Asbill,* for appellant.

*Richard H. Still, Jr., District Attorney,* for appellee.

MOBLEY, Presiding Justice. John Ivey appealed from his conviction of the offense of possessing the dangerous drug marijuana, enumerating as error the refusal to sustain his demurrer to the indictment, the refusal to give certain instructions to the jury, and the denial of his motion for new trial on the general grounds.

■ The only ground of demurrer to the indictment argued is the contention that the inclusion of marijuana as a narcotic drug in the Uniform Narcotic Drug Act of 1967 (Ga. L. 1967, pp. 296, 325) violated the due process and equal protection clauses of the State and Federal Constitutions, "by arbitrarily, capriciously, and unreasonably classifying marijuana as a narcotic, which in fact it is not." Permission was sought by the appellant to present evidence to the court that marijuana is not a narcotic.

Appellant points out the fact that the General Assembly at the 1970 session amended the drug laws by removing marijuana from the drugs enumerated as narcotics in the Uniform Nar-

822

cotic Drug Act, and placing it under the chapter entitled, "Georgia Drug Abuse Control Act." See Ga. L. 1970, pp. 470-472.

The General Assembly, in recognition of the danger to the public safety and welfare of the people of this State because of the use of narcotic and other dangerous drugs, has prohibited the possession of such drugs except under specified circumstances. For many years marijuana has been classified as a narcotic drug by this and other States.

While the General Assembly is not authorized to arbitrarily declare a state of facts contrary to current scientific information, scientific opinion changes. The General Assembly in the 1970 Act has declared that marijuana is a dangerous drug, even though it has removed it from the definition of a narcotic drug. The classification of marijuana as a narcotic in the 1967 law, which was in force at the time the appellant was charged with the possession of marijuana, was not so arbitrary, capricious, or unreasonable as to deny the appellant due process and equal protection of the law. Compare People v. Stark (Colo.), 400 P2d 923.

■ Appellant contends that the court erred in refusing to give the following written request to charge: "I charge you that to show unlawful 'possession' of a narcotic drug, the State must prove that the defendant (a) had physical or constructive possession and control of the alleged narcotic substance, and (b) knowledge of the presence and narcotic character of such substance."

After giving a definition of marijuana, the trial judge charged: "Under the laws of the State of Georgia it is unlawful for any person to possess by seeding and cultivating or by controlling the planting process of any narcotic drug, except as authorized by the Uniform Narcotic Drug Act of the State of Georgia. Before you would be authorized to find the defendant guilty, I charge you that you must find beyond a reasonable doubt that the substance shown by the State, if any, to have been possessed by seeding and cultivating or by controlling the planting process, if any, was in fact the narcotic drug 'marijuana' and that the defendant was the person who so possessed and controlled said marijuana. If you should have a reasonable

doubt of the identity of such substance, if any, or that said defendant was the person who so possessed and controlled said marijuana, you should acquit the defendant and find him not guilty."

The marijuana which the appellant was charged with possessing consisted of numerous small plants which were in the process of cultivation, and the instruction given was more precisely adjusted to the evidence than the one requested, and it was not error to refuse to give the requested instruction.

■ Appellant contends that the court erred in refusing to give the following charge: "Merely finding contraband on premises occupied by defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime."

This language is taken from the opinion of the Court of Appeals in *Gee v. State*, 121 Ga. App. 41 (1) (172 SE2d 480). It is a correct principle of law as applied to the facts in that case. In the present case, as pointed out in the previous division, the trial judge instructed the jury that they must find that the appellant was the one who possessed and controlled the marijuana in order to convict him. The charge given was better adjusted to the evidence in the case than the one requested, and it was not error to refuse to give the requested charge.

■ Appellant strongly urges that the evidence was insufficient to support the verdict. The evidence showed: The plants, which were identified by an expert witness as marijuana, were found by crime investigators for the Fulton County District Attorney's office. They had received information from an informer in regard to the plants, and after locating the place, they determined that it was in Cobb County. The house was in a remote part of the county. They obtained a search warrant, and when they returned with the warrant they found no one in the house. One of the doors had a glass out, and they reached through this opening and unlocked the door. The house gave the appearance that no one was living in it. A hammer and a few other tools were in the kitchen area. There were some empty

food cartons. Little furniture was in the house; the witnesses recalled only a table and a stove. A note was on a table in the kitchen, purporting to be signed by "John Ivey." It was addressed to "whoever took my amplifier," and requested return of the amplifier. The marijuana plants were in a storage area underneath the house, to which the door was open. There were numerous small plants growing in plastic cups, placed in a pasteboard box. Appellant had rented the premises on which the marijuana was found for a period of a month.

In the consideration of cases against persons accused of possessing contraband liquor, in which the evidence was entirely circumstantial, the Court of Appeals has held that evidence that contraband liquor is located on premises occupied by and under the control of the accused is usually sufficient to sustain a conviction, but that the rule is otherwise where liquor is found on premises occupied by the accused and it appears that persons other than the accused and members of his immediate household of which he is the head had equal opportunity with him to commit the crime. *Thomas v. State,* 99 Ga. App. 25 (107 SE2d 687); *Morris v. State,* 119 Ga. App. 157 (166 SE2d 382).

In the present case the evidence was insufficient to show that the premises on which the marijuana plants were found were occupied and under the control of the appellant. He had rented the premises for a month. He stated that he had been going out there and trying to fix the house so that he could move into it, and there was evidence supporting this statement. The officers testified that the house appeared to be uninhabited. The storage area where the plants were found was open and accessible to anyone, and the evidence disclosed that other persons had been on the premises. Since the appellant was not actually living in the house, someone could easily have placed the plants in the storage area under the house without his knowledge.

The evidence, at most, raised a strong suspicion that the appellant was the person cultivating the marijuana plants, but being entirely circumstantial, it was not sufficient to exclude every other reasonable hypothesis except his guilt.

It was error to overrule the general grounds of the motion for new trial.

*Judgment reversed. All the Justices concur.*