47496, 47497.   REED v. THE STATE (two cases).

QUILLIAN, Judge. In each of these cases the defendant was convicted for possession of marijuana and sentenced to two years in the penitentiary. His motions for new trial were overruled and appeals were taken to this court. *Held:*

1. In 47496 the evidence shows that marijuana was found in the house rented by the defendant. The defendant was not present in the house at the time of its search on June 26, 1971, when the marijuana was found. A co-defendant who pleaded guilty to the offense of possession of the marijuana testified that the marijuana was the defendant's.

In a felony case such as this where the only witness is an

accomplice, there must be corroboration of the witness's testimony. *Code* § 38-121. Here the co-defendant was present in the house rented by the defendant. It is well settled that where contraband is found in a house the presumption is that such contraband was possessed by the head of the household. *Barron v. State,* 46 Ga. App. 829 (169 SE 323); *Thomas v. State,* 99 Ga. App. 25 (107 SE2d 687). However, where others, not members of the defendant's household, live there and have equal access to the same, this rule cannot be applied. *Toney v. State,* 30 Ga. App. 61 (116 SE 550); *Harper v. State,* 85 Ga. App. 252 (3) (69 SE2d 102); *Gee v. State,* 121 Ga. App. 41 (172 SE2d 480); *Ivey v. State,* 226 Ga. 821, 824 (177 SE2d 702). Thus, as here, where another had an equal opportunity to commit the offense, the circumstantial evidence is as consistent with innocence as with the guilt of the accused; it is not sufficient to exclude every reasonable hypothesis save the guilt of the defendant. *Morris v. State,* 119 Ga. App. 157 (2) (166 SE2d 382). In *Burge v. State,* 103 Ga. App. 682, 684 (120 SE2d 200), this court held that where corroboration of the alleged accomplice's testimony is entirely circumstantial and is of itself as consistent with innocence as with guilt, such evidence was insufficient to sustain a verdict. See *Ivey v. State,* 91 Ga. App. 455 (85 SE2d 829). It is therefore apparent in this case that the judgment must be reversed and a new trial granted.

2. In 47497 marijuana was found in a trailer rented by the defendant. The defendant was not present at the time the search took place which was June 29, 1971. In this case, the defendant was sworn as a witness and testified that he left town on June 25 and did not return until July upon learning of the charges against him. He further testified that on June 25 the premises were sublet to two named individuals who occupied the same until October 1971.

Here again, since the evidence shows that there were others than the defendant who had equal opportunity to commit

the offense for which he is charged, the circumstantial evidence is insufficient to sustain a conviction. The judgment in this case must be reversed and a new trial granted.

3. The remaining enumerations of error are without merit or are unlikely to recur on a retrial of the case.

*Judgments reversed. Hall, P. J., and Pannell, J., concur.*
ARGUED SEPTEMBER 12, 1972—DECIDED OCTOBER 27, 1972.

*Glenn Zell,* for appellant.

*Eldridge W. Fleming, District Attorney, William F. Lee, Jr.,* for appellee.