## 48664. NEAL v. THE STATE.

CLARK, Judge. Two questions are presented by this appeal: (1) Do the facts make out a case of "constructive possession" of contraband drugs sufficient to sustain a conviction; and (2) did the trial judge err in charging the jury that the conviction carried with it a sentence of not less than one year? The importance of answering this latter question is shown in the district attorney's request for this court to rule on this phase for the enlightenment of our trial judges regardless of the decision on the guilt phase.

Ironical indeed are the facts out of which this case had its inception: during a Sunday afternoon visit to the county jail by some teen-agers a deputy sheriff observed from his interior post that a young girl was lying on the pavement in the parking lot to the rear of an automobile. Going outside to the location for the good Samaritan purpose of assistance, the officer noted the young female seemed intoxicated. There were two occupants in the parked car. Appellant was vomiting as he leaned out of the left front door on the driver's side. The other occupant was a young male asleep on the rear seat. He also seemed to be in a drunken condition and when he got out of the vehicle the deputy saw two rolled cigarettes on the back seat. The officer saw a half smoked marijuana cigarette in the middle of the front seat. He also found two capsules on the floorboard in the front, one being on the driver's side and the other on the passenger side. Later, a bag of marijuana was found in the rear seat and also a brown paper bag containing marijuana was found on the ground to the

rear of the passenger door on the driver's side.

Appellant was tried on two charges. One was for marijuana possession, this accusation reading that such possession "was along with" the rear seat occupant. The other was for sole possession of secobarbital, a contraband drug, which was the nature of the two pills found on the front floorboard.

The evidence developed there were five teen-agers who had occupied a borrowed automobile that Sunday morning. Appellant had been the driver for the group during a visit to a beer bootlegger. After becoming intoxicated he had given the wheel to his brother for the purpose of driving the automobile to the county jail to permit two of the passengers to make a visit. The various passengers testified with reference to their respective positions in the car during the ride. The young girl and one of the passengers stated they had not seen any pills or marijuana. The defendant's brother was excused from answering any questions which would tend to incriminate his brother. The rear seat occupant acknowledged he had pleaded guilty to possession of the marijuana found in the car.

After the jury found the appellant guilty on both counts the court charged the jury during the sentencing phase that the punishment for possession of secobarbital is imprisonment "for a period of not less than one year, nor more than two years, or a fine of up to $2,000, either a fine or imprisonment or both." (T.144). Additionally, the court included the right of the jury to recommend punishment as for a misdemeanor. The jury returned a verdict imposing a fine of $300 for possession of marijuana and a sentence of one year for possession of secobarbital with a misdemeanor punishment recommendation. The recommendation was adopted by the court and a twelve-month sentence was imposed.

1. Appellant argues that since other persons had equal access to the drugs, that under the ruling of Gee v. State, 121 Ga. App. 41 (172 SE2d 480); Ivey v. State, 226 Ga. 821, 824 (177 SE2d 702); and Reed v. State, 127 Ga. App. 458 (194 SE2d 121) the conviction should be reversed. Those holdings are not applicable here. In each of the three cases the accused was not present in the premises belonging to defendant at the time contraband was found. Thus, the evidence was entirely circumstantial in those cases and failed to exclude every reasonable hypothesis save guilt. In the case at bar, appellant was personally present in the front seat, the area where the half-smoked cigarette and capsules

were found. In fact he was the only person then in the front of the car.

2. Concerning possession the trial judge instructed the jury that "The act of possessing marijuana or secobarbital may be proved either by personal possession or constructive possession and control. Constructive possession may be sole or joint. If you find that the defendant was in possession and control of the immediate premises and surroundings in or about the automobile in which marijuana or secobarbital was found, if such were found, you would be authorized to presume the defendant was in possession of the marijuana and secobarbital and to convict him. However, this presumption may be rebutted by the defendant by a satisfactory explanation of his possession if you find he was in possession, consistent with his innocence in your opinion. If you find that some person or persons other than the defendant placed the marijuana and secobarbital in question on the premises or immediate surroundings of the defendant in his possession and control and you find he was in possession and control and that the defendant knowingly allowed such marijuana and secobarbital to remain on such premises and immediate surroundings irrespective of who actually owned the marijuana and secobarbital, or who put it there, you would be authorized to convict the defendant." (T. 131, 132). The appellant's objection to this was limited to the portion on "constructive possession." This is stated in the transcript at page 135 thusly: "I would object, Your Honor, to the charge on constructive possession. There was none and I would object to that. He was not in constructive possession of the car. It was testified that the girl had lent it to someone else and he did not drive it there and the deputy said that he was completely outside. I just do not see where there could be any constructive possession."

Although the automobile was not borrowed by accused but by another member of his party defendant was present when the car was obtained from its owner who knew defendant was to drive it. Actually, defendant was the driver from the moment the car was obtained until the group reached the bootlegger's place. (T. 53). Then, when defendant had become intoxicated, his brother drove from the bootlegger's establishment to the jail with defendant sitting in the front seat. (p. 104, 111, 112). As to defendant's position in the automobile at the time the contraband was first observed by law officials, the deputy sheriff

testified "At that time, I noticed on the driver's side of the car, the door was open and there was a white male sitting in the seat leaning out the door vomiting." (T. 7). The individual referred to was the defendant. The transcript shows the following subsequent interrogation: "Now, do you think that he was in control of this car and the situation there? A Yes sir, because he was in the driver's side of the car. If he would have been sitting up, he would have been under the wheel and his feet would have been there down where the pills were. But, he was leaning out with his head laying down and he was vomiting. Q and, the fact that Ronnie Neal was in the driver's seat, did that mean anything to you? A Yes sir, I concluded that he was driving it. Q and did that mean anything to you? A Well, as far as I was concerned it meant that it was his car, and whatever was found in the car was in his possession. Q All right. Anywhere in the car was what you meant? A Well, yes, particularly in the front seat. Q Well, what about the back seat? A Well, it stands to reason that if he didn't put it there, it was there by his permission." (T. 32, 33).

From this and other testimony, it appears that the charge was adapted to the evidence and in accord with the principles stated in *Cheatham v. State*, 57 Ga. App. 858 (197 SE2d 70); *Weeks v. State*, 66 Ga. App. 553, 561 (6) (18 SE2d 503); *Griggs v. State*, 40 Ga. App. 542 (150 SE2d 438); *Leach v. State*, 82 Ga. App. 520 (c) (61 SE2d 572); *Morris v. State*, 72 Ga. App. 466 (34 SE2d 46); and *Patterson v. State*, 53 Ga. App. 263, 264 (185 SE 361). The essence of those decisions which involve possession of personal property as stated in *Cheatham v. State*, supra, at page 860, is that "Possession may be personal and exclusive, although it is the joint possession of two or more persons." See also the various definitions of the word "possession" as given in 72 CJS 233 where the author writes that the word ". . . is interchangeably used to describe actual possession and constructive possession, which often so shade into one another that it is difficult to say where one ends and the other begins." See also *Lee v. State*, 126 Ga. App. 38 (2) (189 SE2d 872).

3. Appellant argues that the proved facts here failed to meet the requirements of Code § 38-109 to the effect that "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." In *Townsend v. State*, 115 Ga. App. 529, 531 (154 SE2d

788) we said: "'It was not necessary to show that it was impossible for the offense to have been committed by anybody else, or that it might not, by bare possibility, have been done by another. It is sufficient to show to a moral certainty that it was the prisoner.' [cits.] 'Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused, is primarily a question for determination by the jury. This of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors.' *Smith v. State,* 56 Ga. App. 384, 387 (192 SE 647)."

4. The court's charge as to the minimum imprisonment period was error as there is no minimum period prescribed in the statute creating the crime involving the secobarbital pills. In undertaking to instruct the jury as to punishment being "not less than one year" the able trial judge deduced this from § 26-401 (e) of our Criminal Code. There a felony is defined as "a crime punishable by death, or by imprisonment for life, or by imprisonment for more than 12 months." But the fact that such definition relates to a period of imprisonment does not control the legislative declaration as to the penalty for each crime. Thus, a review of punishment provisions contained in the Criminal Code of Georgia for various crimes invariably states a minimum and a maximum such as "for not less than one year nor more than five years." Accordingly the absence of any minimum period in the instant statute is significant as to the legislative intention concerning punishment for this specific crime.

The pertinent portion of the Georgia Drug Abuse Control Act (Ga. L. 1967, pp. 296, 377) states that a violator of the provisions of Chapter 79A-9 relating to depressant and stimulant drugs "shall be guilty of a felony, and shall, upon conviction, be punished by a fine of not more than $2,000, or imprisonment in the penitentiary for a period not to exceed two years, or by both such fine and imprisonment: . . . " (Code Ann. § 79A-9915). "Statutes prescribing punishment are strictly construed . . . They never are construed against an accused or a convicted person beyond their literal and obvious meaning." 24B CJS 558, 559, § 1979. Additionally, our Supreme Court said in *Matthews v. Everett,* 201 Ga. 730, 735 (41 SE2d 148) that a criminal statute "must be construed strictly against the State and liberally in favor of the prisoner, within reason." See also *Curtis v. State,* 102 Ga. App.

790 (118 SE2d 264). The application of such rules of construction to this statute makes clear that the General Assembly intended that the conviction of this particular offense would carry with it the civil penalties applicable to a felony conviction, such as deprivation of the voting franchise and denial of public office. As to the punishment, the manifest intention is to permit the jury to impose either a fine or imprisonment or both, but such fine can be any amount not exceeding $2,000 and the imprisonment can be for any period of time not exceeding two years. Compare *Fowler v. State,* 229 Ga. 884 (194 SE2d 923) where the jury imposed a 30-day sentence on a drug felony conviction.

The case therefore must be reversed as to the sentencing and remanded to the trial court for consideration of this issue only. *Johnson v. Smith,* 227 Ga. 611 (182 SE2d 101); *Almond v. State,* 128 Ga. App. 758 (197 SE2d 836).

*Judgment affirmed in part; reversed in part, with direction that a new trial be granted as to the imposition of the sentence only. Bell, C. J., Hall, P. J., Eberhardt, P. J., Deen, Quillian and Stolz, JJ., concur. Pannell, J., concurs in the judgment only. Evans, J., dissents.*

SUBMITTED OCTOBER 3, 1973 — DECIDED JANUARY 30, 1974.

*Glenn Zell,* for appellant.

*William H. Ison, District Attorney, J. W. Bradley,* for appellee.

EVANS, Judge, dissenting. 1. Was there enough evidence to convict defendant of possession of illegal drugs? Defendant was found on the front seat of an automobile in an intoxicated condition; he was not under the steering wheel; did not own or control the car; had not driven it to its parked position, but was in the car merely as a passenger. The car was borrowed by another person. The driver and others got out of the car and left it. A partly smoked marijuana cigarette was found on the front seat adjacent to defendant, and one capsule containing secobarbital was found on the floorboard of the car on the driver's side, and another capsule was found on the floorboard on the passenger's side. He was not holding the cigarette, nor was it touching him. In this situation, does the circumstantial evidence warrant a conviction?

The majority opinion affirms the conviction, and cites several cases, none of which supports the opinion. To the contrary, in one of the cited cases, to wit, *Watson v. State,* 93 Ga. App. 368 (91 SE2d 832), the following charge to the jury is approved, to wit: "If a person is driving an automobile or has an automobile in his

possession, custody or control, *all in that automobile is presumed to be his, and in his possession . . ."* (Emphasis supplied.) Thus, it is presumed that the driver and/or person in control of the car — not the defendant passenger — was presumed to own and have control of all that was in the car. In the cited case it was proven that the defendant had given a box containing contraband liquor to a companion and instructed him to run with it; and, of course, that was sufficient to convict as to possession, but is in no way similar to the facts in the present case.

In *Cheatham v. State,* 57 Ga. App. 858 (197 SE 70), also cited by the majority, the automobile in question was shown to have been recently stolen by defendant and others, and of course, that placed him and them presumptively in possession of the car and its contents. In *Griggs v. State,* 40 Ga. App. 542 (150 SE 438), also cited by the majority, the whiskey was shown to be resting *between the legs of the defendant* when it was found. *We repeat, and emphasize, not a one of these cases cited by the majority has facts which are even vaguely similar to the facts in the case now under consideration.* None is authority for a conviction of the defendant on circumstantial evidence.

A discussion of the very rigid requirements as to conviction by circumstantial evidence is found in *Ivey v. State,* 226 Ga. 821, 824 (177 SE2d 702), to wit: ". . . the rule is otherwise where liquor is found on premises occupied by the accused and it appears that persons other than the accused and members of his immediate household of which he is the head had equal opportunity with him to commit the crime." *Thomas v. State,* 99 Ga. App. 25 (107 SE2d 687); *Morris v. State,* 119 Ga. App. 157 (166 SE2d 382). Again, in *Reed v. State,* 127 Ga. App. 458, 459 (194 SE2d 121), it is stated: "Here again, since the evidence shows that there were others than the defendant who had equal opportunity to commit the offense for which he is charged, the circumstantial evidence is insufficient to sustain a conviction." Again, in *Gee v. State,* 121 Ga. App. 41, (1) (172 SE2d 480), it is stated: "It is enumerated as error that the verdict of the jury is without evidence to support it. We agree. Merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. *Harper v. State,* 85 Ga. App. 252 (69 SE2d 102); *Summerville v. State,* 66 Ga. App. 61 (17 SE2d 82); *Savage v. State,* 28 Ga. App. 543 (112 SE 523); *Toney v. State,* 30 Ga. App. 61 (116 SE 550). 'To warrant a conviction on

circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.' Code § 38-109. And see *Eads v. State,* 42 Ga. App. 473 (156 SE 647); *Morris v. State,* 119 Ga. App. 157 (166 SE2d 382)."

In the present case, there were two presumptions actively operating in favor of defendant. First, it was presumed that the contents of the car were owned and controlled by the owner and/or driver, and defendant was neither owner nor driver. Next, the defendant was presumed to be innocent of any violation of law until proven guilty beyond a reasonable doubt. The state relied on circumstantial evidence, but as was so forcefully held in the *Gee* case, supra: ". . . 'To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.' Code § 38-109." It was not only necessary for the state to prove that defendant *could have* or *may have* committed the crime, but it had to go that long step further of "excluding every other reasonable hypothesis," to wit, that no person other than the defendant was owner and/or in control of the marijuana in this case. That the state has failed to do.

The statute, to wit, Code § 38-109, plainly recites that where circumstantial evidence is relied on for a conviction, the proved facts shall not only be consistent with the hypothesis of guilt, ". . . but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Exactly what does this language mean? It means that unless there is direct evidence to show defendant is guilty, a conviction cannot stand unless the proved facts do *two things,* to wit: 1. The proved facts must be consistent with the defendant's guilt, *and in addition.* 2. The proved facts *shall exclude every other reasonable hypothesis (or theory) save that of the guilt of the accused.* What other reasonable hypothesis, or theory, exists in the case as to the actual perpetrator of the crime? Who else could have committed it besides defendant? Why, the *driver or owner* of the car could have done so, especially as the law presumes that *"all in that automobile is presumed to be his, and in his possession." Watson v. State,* 93 Ga. App. 368 (91 SE2d 832).

Did the owner and/or the driver have equal opportunity with the passenger to commit the crime? Was there any evidence to suggest that they could not have committed the crime? None, absolutely none! Then why point the guilty finger at the defendant, who was

presumed *not* to own or control the drugs, and passenger, who was sitting in the car while intoxicated, as he was not the driver or owner, and who was not shown by any evidence to own or control it, and who was not shown by evidence to have the drugs on his person when he was arrested?

2.  I further dissent from the majority's reversal of the trial court on his charge as to the sentence. I believe the charge as given was correct. Further, even if this charge were erroneous, the jury recommended that he be punished as for a misdemeanor, which the trial judge followed, and sentenced him to serve 12 months.

However, the error in Division 1 requires a reversal of the entire judgment and not merely the sentence.