### 51056. MOSS v. THE STATE.

MARSHALL, Judge.

Contrary to his plea, appellant Moss was indicted, tried and convicted by a jury of six offenses of credit card fraud, i.e., using another's oil company credit card. He was convicted on each count and sentenced by the jury to serve one year on each offense, said sentences to run consecutively.

The transcript reflects that the victim's wife inadvertently left her purse on the top of her car while placing a repaired television set in the car. She drove off and the purse fell off the car on the side of the road. The

purse and its contents were never recovered. During the next few weeks a number of charges were made on a Standard Oil credit card with the victim's name forged thereon. Of the six vouchers involved, five had an identifiable and traceable auto tag number written on the vouchers. The owner of this vehicle established that the defendant Moss was a frequent user of the auto during the time the credit card forgeries occurred. When Moss was arrested, he had that auto and the keys thereto in his possession. Handwriting exemplars were obtained from Moss, and a questioned document examiner concluded there was "strong reason to believe" that Moss signed the forged vouchers. Appellant did not offer any evidence on the merits of the case.

The trial judge, sua sponte, gave a charge relating to a defendant's right to remain silent. Further, the court submitted the sentencing portion of the bifurcated trial to the jury though this trial occurred in January, 1975. Appellant now brings his appeal from these convictions. *Held:*

1. Appellant enumerates four errors. The first alleges an insufficiency of the evidence to support the verdict of guilty. There is no direct evidence identifying appellant as the user of the missing credit card or as the person who forged the victim's signature on the six vouchers. However, the circumstantial evidence focuses unerringly upon appellant and is sufficient to support the jury's verdict. While circumstantial evidence must exclude every reasonable doubt, it does not have to exclude every possibility of a defendant's innocence. *Eason v. State,* 217 Ga. 831 (136 SE2d 320). Here there was ample evidence to justify the jury's verdict. *Bostick v. State,* 129 Ga. App. 892 (201 SE2d 828); *Weeks v. State,* 66 Ga. App. 553 (18 SE2d 503); *Patterson v. State,* 53 Ga. App. 263 (185 SE 361).

2. Appellant also complains that references were made during the state's case to other offenses and possible convictions, thereby improperly interjecting his character in the case and holding the same up before the jury as evidence of a propensity to commit crime. These were references by the complaining witness and his wife that they had seen appellant in court on an earlier

occasion. Appellant complains this tended to indicate he was or might be facing other unspecified charges or might have been tried on an earlier occasion, though no indication of result was mentioned even assuming an earlier trial had occurred. Appellant correctly asserts that it is error to disclose a *previous conviction* or to place the defendant's general character before the jury unless he chooses to put it in issue. *Bacon v. State,* 209 Ga. 261 (71 SE2d 615); *Walker v. State,* 86 Ga. App. 875, 877 (72 SE2d 774). In this case there was no evidence of a previous conviction prior to the jury's verdict nor was the defendant's character or reputation attacked. Passing reference to an earlier presence in court where the tenor of the question was whether the witness was acquainted with or could identify the defendant does not, in the absence of a blatant subterfuge to accomplish the forbidden, fall within the proscription invoked by appellant. *Woodard v. State,* 234 Ga. 901; *Davis v. State,* 135 Ga. App. 584. We detect no error here. *Creamer v. State,* 229 Ga. 704, 708 (2) (194 SE2d 73).

3. As indicated in the factual reference to this case, appellant elected to remain silent. Notwithstanding the exercise of this fundamental right to silence, the trial judge sua sponte gave as a portion of his charge the legal effect of a defendant standing mute. The instruction as such was couched in legally correct terminology. Appellant complains, however, that that portion of the charge constituted prejudicial comment upon the defendant's silence, relying upon *Linder v. State,* 132 Ga. App. 624 (3) (208 SE2d 630). This very complaint has been considered and decided adversely to appellant's contention by the Supreme Court in the very recent case of *Woodard v. State,* supra. The Georgia Supreme Court stated: ". . . what is prohibited is a comment that the defendant could have 'denied,' 'explained,' or otherwise 'disputed' the state's case against him. The forbidding of such comment would have nothing to do with a charge that the jury is to 'make no assumption or draw any conclusions from the defendant's failure to testify.' Accordingly, it would not have been error to instruct the jury as contended for by the appellant . . . It necessarily follows that the decision of the Court of Appeals in *Linder*

*v. State,* supra, holding that such a charge was error must be disapproved."

4. In his fourth enumeration, appellant complains that the trial court erred when it submitted to the jury the sentencing phase of the bifurcated trial. At the time of this trial in January, 1975, Ga. L. 1974, pp. 352, 357 (Code Ann. § 27-2503) was in effect. It required that, following a jury verdict of guilty in a non-capital felony, that the judge dismiss the jury, conduct a presentence hearing and determine and impose an appropriate punishment.

The court erred in leaving the sentence-making feature of the case to the jury in the face of the plain and unambiguous language of the above statute. *Lindsey v. State,* 135 Ga. App. 122 (218 SE2d 30).

*The judgment on the jury verdict is affirmed, but the case is remanded for resentencing by the judge without a jury. Bell, C. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 16, 1975 — DECIDED OCTOBER 21, 1975.

*Glenda Hardigg,* for appellant.

*George W. Darden, District Attorney, P. Samuel Huff, Assistant District Attorney,* for appellee.