## 51542. KENERLEBER v. THE STATE.

STOLZ, Judge.

The defendant's conviction, in a bench trial, of three counts of violation of the Georgia Controlled Substances Act, was authorized by evidence that police officers attempted to execute a search warrant at an apartment shown to be rented to and occupied by the defendant; that when they identified themselves as law officers, the defendant, who had opened the door to the street level of the apartment building, became belligerent and attempted to disarm one of the officers; that the defendant was taken upstairs to her apartment; and that a search of the apartment revealed various items of contraband located in the kitchen (refrigerator), in plain view in the living room, and in a snow boot in a closet in a bedroom containing the defendant's personal effects, some of which were identified by her name thereon.

Since the evidence can be construed to indicate that the defendant and a male co-tenant and co-occupant of her apartment were not married, the presumption that the contraband was possessed by the "head of the household" could be applied equally to the defendant and her male companion, both of whom apparently having non-exclusive and joint possession of most of the contraband, except for possibly that found in the shoe in the defendant's closet, which she could be found to have possessed exclusively. See *Thomas v. State,* 99 Ga. App. 25 (1) (107 SE2d 687).

The "equal access" rule is not properly invoked in this case with regard to the male co-occupant (who fled prior to the search) or to seven persons who were merely visiting the apartment at that time, because the contraband was for the most part not in open, notorious

and easily accessible areas and the seven persons present were all non-residents, who were not shown to have been on the premises either previously or frequently, so as to have had equal access with the defendant. Compare *Harper v. State,* 85 Ga. App. 252 (69 SE2d 102); *Morris v. State,* 119 Ga. App. 157 (166 SE2d 382); *Sweat v. State,* 119 Ga. App. 646 (168 SE2d 654); *Gee v. State,* 121 Ga. App. 41 (172 SE2d 480); *Reed v. State,* 127 Ga. App. 458 (194 SE2d 121); *Ennis v. State,* 130 Ga. App. 716 (204 SE2d 519); *Moreland v. State,* 133 Ga. App. 723 (212 SE2d 866); *Donaldson v. State,* 134 Ga. App. 755 (216 SE2d 645); *Blankenship v. State,* 135 Ga. App. 482 (218 SE2d 157); *Ivey v. State,* 226 Ga. 821 (4) (177 SE2d 702).

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

Submitted January 12, 1976 — Decided January 28, 1976 — Rehearing denied February 16, 1976.

*Skidmore, Barrett & Jenkins, Timothy N. Skidmore, Kenneth T. Humphries,* for appellant.

*Richard Bell, District Attorney, George N. Guest, Assistant District Attorney,* for appellee.