## 53004. WARREN v. THE STATE.

SUBMITTED NOVEMBER 2, 1976 — DECIDED NOVEMBER 12, 1976 — REHEARING DENIED NOVEMBER 29, 1976 —

*Glenn Zell,* for appellant.

*John T. Perren, District Attorney,* for appellee.

DEEN, Presiding Judge.

1. The evidence shows a large amount of marijuana was found growing on property owned by the defendant's ex-wife but over which he exercised dominion. Also drugs were found in a locked house which the defendant apparently alone used for a residence at least frequently. The defendant testified that this house had been broken into on numerous occasions; on the day in question however the doors were padlocked and there were no signs of a break-in. The defendant testified that he had locked the house the last time he had been "down there." On this evidence it is urged that error was committed by failure to charge, without request, on the "equal access" rule. We disagree. There was no evidence of anyone other than the defendant with equal access to the house; the door was locked by the defendant under his own testimony and there were no signs of an intruder when the door was unlocked on the day of the search. This is evidence of the defendant's possession or control under Code Ann. §

79A-811 (j), but it does not affirmatively appear that "persons other than the defendant had equal opportunity to commit the crime." *Gee v. State,* 121 Ga. App. 41, 43 (172 SE2d 480). It was not error, in the absence of a request, to charge on "equal access."

2. The evidence supports the verdict.

*Judgment affirmed. Webb and Smith, JJ., concur.*